**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., | ) | Case No. 24-11106 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-3190552 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES CANADA, INC., | ) | Case No. 24-11107 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES AUSTRALIA PTY LTD. (ACN 639 288 958) | ) | Case No. 24-11108 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES FZE | ) | Case No. 24-11109 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF INTERNATIONAL SUBCO INDIA PRIVATE LIMITED | ) | Case No. 24-11110 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TAKEOFF INTERNATIONAL SUBCO, LLC | ) | Case No. 24-11111 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. N/A | ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion ("Motion"):[1]

**Relief Requested**

1.      By this Motion, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the above-captioned cases under the case of Takeoff Technologies, Inc., and that the cases be jointly administered under a consolidated caption, as follows:

---

[1]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Brett M. Anderson in Support of Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the First Day Declaration.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

_____

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are:  Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited.; and Takeoff International Subco, LLC.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

2.      The Debtors further request that the United States Bankruptcy Court for the District of Delaware (the "Court") order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Takeoff Technologies, Inc., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of: Takeoff Technologies, Inc., Case No. 24-11106 (___); Takeoff Technologies Canada, Inc., Case No. 24-11107 (___); Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958), Case No. 24-11108 (___); Takeoff Technologies FZE, Case No. 24-11109 (___); Takeoff International Subco India Private Limited, Case No. 24-11110 (___); and Takeoff International Subco, LLC 24-11111 (___). The docket in Case No. 24-11106 (___) should be consulted for all matters affecting these cases.

**Jurisdiction and Venue**

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District

of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

enter final orders or judgments in connection herewith consistent with Article III of the United

States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1)

of the Bankruptcy Code, Rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

**Background**

7.      Founded in 2016 by a group of former grocery executives, the Debtors operate one

of the leading eGrocery, micro-fulfillment solution companies in the world.  The Debtors' business

model centers around the sale, subsequent maintenance, and support of the equipment and software

needed to operate micro-fulfillment centers—i.e., small, automated, robotic warehouses called

micro-fulfillment centers, either placed in grocery stores or near the end-shoppers.

8.      Headquartered in Waltham, Massachusetts, with international subsidiaries

organized in Canada, Australia, India, and the United Arab Emirates, the Debtors' business is

global.  At their peak, the Debtors had over 300 employees working on dozens of sites across eight

countries and four continents.  However, despite generating strong revenue, the Debtors failed to

make material progress towards achieving profitability and suffered significant operating losses in 2022 and 2023 due to the cost pressures associated with an early-stage software company.

9.      On May 30, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

10.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The [six] Debtor entities that commenced the above-captioned chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11.      Furthermore, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1

12.     Joint administration is generally uncontroversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Feb. 14, 2024) (directing joint administration of chapter 11 cases); *In re MVK Farmco LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Oct. 17, 2023) (same); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023) (same); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 6, 2023) (same); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re SiO2 Med. Prod., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. Mar. 30, 2023) (same).[2]

13.     As set forth further in the First Day Declaration, given the integrated nature of the Debtors' businesses and operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration will also allow the United States Trustee for the District of Delaware (the "United States Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14.     Moreover, joint administration will not adversely affect the Debtors' respective stakeholders because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors' joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

---

[2]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**Notice**

15.     The Debtors will provide notice of this Motion to:  (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) counsel to the DIP Lenders; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered herein will be served as required by Local Rule 9013-1(m).  In light of the nature of the relief requests, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially

in the form attached hereto as **Exhibit A**:  (a) granting the relief requested herein; and (b) granting

such other relief as the Court deems appropriate under the circumstances.

Dated: May 30, 2024
Wilmington, Delaware

/s/ *Joseph M. Mulvihill*

| **YOUNG, CONAWAY, STARGATT & TAYLOR LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
|---|---|
| Joseph M. Mulvihill (Del. Bar No. 6061) | Justin Bernbrock (*pro hac vice* pending) |
| Shella Borovinskaya (Del. Bar No. 6758) | Robert B. McLellarn (*pro hac vice* pending) |
| Kristin L. McElroy (Del. Bar No. 6871) | 321 North Clark Street, 32nd Floor |
| Rodney Square | Chicago, Illinois 60654 |
| 1000 North King Street | Telephone:    (312) 499-6300 |
| Wilmington, DE 19801 | Facsimile:    (312) 499-6301 |
| Telephone:    (302) 571-6600 | Email:    jbernbrock@sheppardmullin.com |
| Facsimile:    (302) 571-1253 | rmclellarn@sheppardmullin.com |
| Email:    jmulvihill@ycst.com | |
| sborovinskaya@ycst.com | -and- |
| kmcelroy@ycst.com | |
| | Alexandria G. Lattner (*pro hac vice* pending) |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | 650 Town Center Drive, 10th Floor |
| | Costa Mesa, California 92626 |
| | Telephone:    (714) 513-5100 |
| | Facsimile:    (714) 513-5130 |
| | Email:    alattner@sheppardmullin.com |
| | |
| | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., | ) | Case No. 24-11106 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-3190552 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES CANADA, INC., | ) | Case No. 24-11107 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES AUSTRALIA PTY LTD. (ACN 639 288 958) | ) | Case No. 24-11108 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES FZE | ) | Case No. 24-11109 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF INTERNATIONAL SUBCO INDIA PRIVATE LIMITED. | ) | Case No. 24-11110 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |

-1-

|  | ) |  |
| --- | --- | --- |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TAKEOFF INTERNATIONAL SUBCO, LLC | ) | Case No. 24-11111 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. N/A | ) |  |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes

only and shall be jointly administered by the Court under Case No. 24-11106 (___).

3.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are:  Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

4.      The foregoing caption satisfies the requirements set forth in the first sentence of

section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket

of each of the Debtors other than Takeoff Technologies, Inc. to reflect the joint administration of

these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the
> Local Rules of Bankruptcy Practice and Procedure of the United
> States Bankruptcy Court for the District of Delaware, directing joint
> administration for procedural purposes only of the chapter 11 cases
> of: Takeoff Technologies, Inc., Case No. 24-11106 (___); Takeoff

Technologies Canada, Inc., Case No. 24-11107 (___); Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958), Case No. 24-11108 (___); Takeoff Technologies FZE, Case No. 24-11109 (___); Takeoff International Subco India Private Limited, Case No. 24-11110 (___); and Takeoff International Subco, LLC, Case No. 24-11111 (___). The docket in Case No. 24-11106 (___) should be consulted for all matters affecting these cases.

6.     The Debtors shall maintain, and the Clerk of this Court shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.     Nothing contained in the Motion or in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and such notice satisfies the requirements of the Bankruptcy Rules and Local Rules.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.