## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION FOR
## ENTRY OF INTERIM AND FINAL
## ORDERS (I) AUTHORIZING THE DEBTORS
## TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN
## LIEU OF SUBMITTING A SEPARATE MAILING MATRIX
## FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF
## THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS,
## (C) PROVIDE CERTAIN PARTIES IN INTEREST WITH ELECTRONIC
## SERVICE, AND (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE
## INFORMATION OF INDIVIDUALS; AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion"):[2]

### Relief Requested

1.      The Debtors seek entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the

"Final Order"):  (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of

submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors'

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are:  Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Brett M. Anderson in Support of Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "First Day Declaration").  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the First Day Declaration.

thirty largest unsecured creditors in lieu of filing lists for each Debtor, (iii) provide certain parties in interest with electronic service, and (iv) redact certain personally identifiable information of individuals; and (b) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing within approximately twenty-eight days of the commencement of these chapter 11 cases to consider approval of this Motion on a final basis.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-2, 2002-1, and 9013-1(m).

## Background

5.      Founded in 2016 by a group of former grocery executives, the Debtors operate one of the leading eGrocery, micro-fulfillment solution companies in the world.  The Debtors' business

model centers around the sale, subsequent maintenance, and support of the equipment and software needed to operate micro-fulfillment centers—i.e., small, automated, robotic warehouses called micro-fulfillment centers, either placed in grocery stores or near the end-shoppers.

6.      Headquartered in Waltham, Massachusetts, with international subsidiaries organized in Canada, Australia, India, and the United Arab Emirates, the Debtors' business is global.  At their peak, the Debtors had over 300 employees working on dozens of sites across eight countries and four continents.  However, despite generating strong revenue, the Debtors failed to make material progress towards achieving profitability and suffered significant operating losses in 2022 and 2023 due to the cost pressures associated with an early-stage software company.

7.      On May 30, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have contemporaneously filed a motion for procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

**I.      Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

8.      Section 521(a)(1)(A) of the Bankruptcy Code requires a debtor to file a list of creditors.  *See* 11 U.S.C. § 521(a)(1)(A).  Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H."  Fed. R. Bankr. P. 1007(a)(1).  Moreover, Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent in jointly administered cases, to maintain a separate

creditor mailing matrix.   Del. Bankr. L.R. 2002-1(f)(v).   Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice" and Local Rule 1007-2(a) allows multiple debtors in a case where a claims and noticing agent is required to file a consolidated list of creditors.   Del. Bankr. L.R. 1001-1(c) and 1007-2(a).   Permitting the Debtors to maintain a single consolidated list of creditors (the "<u>Creditor Matrix</u>"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted.   Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicative mailings.[3]   Furthermore, the Debtors have filed an application to retain and employ Kroll Restructuring Administration LLC as their claims and noticing agent ("<u>Kroll</u>") contemporaneously with the filing of this Motion.   If such application is granted, Kroll will assist with, among other things, mailing of notices to parties.   The Debtors believe that the consolidated Creditor Matrix will be sufficient to allow Kroll to provide notice to all creditors as well as applicable parties in interest during the chapter 11 cases, as required by Local Rule 1007-2.

9.     Courts in this district have granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect.   *See, e.g.*, *In re MVK Farmco LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Nov. 15, 2023) (authorizing the filing of a consolidated top thirty general unsecured creditors list on a final basis); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) (same); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. Aug.

---

[3]   Should any of these chapter 11 cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

11, 2023) (same); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (same); *In re SiO2 Med. Prod., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023) (same).[4]

## II.   It Is Appropriate and Necessary for the Debtors to File a Single Consolidated List of the Debtors' Thirty Largest Unsecured Creditors in These Chapter 11 Cases.

10.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the twenty largest unsecured claims, excluding insiders" (the "Top 20 List").  Fed. R. Bank. P. 1007(d); *see also* Local Rule 1007-2(a) (requiring a debtor to file "a list containing the name and complete address of each creditor").  This Top 20 List is primarily used by the United States Trustee for the District of Delaware (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed pursuant to section 1102 of the Bankruptcy Code.

11.     The Debtors request authority to file a single list of their thirty largest general unsecured, non-insider creditors on a consolidated basis (the "Top 30 List").[5]  Because the Debtors' top creditors could overlap, and because certain Debtors may have fewer than twenty significant unsecured creditors, filing separate Top 20 Lists for each Debtor would be of limited utility.  In addition, compiling separate Top 20 Lists for each individual Debtor would consume an excessive amount of the Debtors' and their advisors' limited time and resources.  Further, a single, consolidated Top 30 List will better aid the U.S. Trustee in its efforts to communicate with these creditors.

---

[4]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

[5]   The Debtors submit that if any of the chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within fourteen days of any such conversion.

12.     Courts in this district have granted relief similar to the relief requested herein.  *See, e.g.*, *In re MVK Farmco LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Nov. 15, 2023) (authorizing filing of a consolidated top 30 general unsecured creditors list); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) (same); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. Aug. 11, 2023) (same); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (same); *In re SiO2 Med. Prod., Inc.*, No. 23- 10366 (JTD) (Bankr. D. Del. June 15, 2023) (same).

13.     Accordingly, permitting the Debtors to file a Top 30 List is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

**III.     Service of Notices to Creditors by the Claims and Noticing Agent Is Warranted.**

14.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least twenty-one days' notice by mail of:  the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  *See* Fed. R. Bankr. P. 2002(f).

15.     The Debtors request that Kroll, the Debtors' proposed claims and noticing agent (the "Claims and Noticing Agent"), undertake all mailings and email service, as applicable, directed by the Court or the U.S. Trustee or as required in section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f) on all parties listed on the Creditor Matrix to advise them of the applicable filings in these chapter 11 cases.

16.     The Debtors believe that using the Claims and Noticing Agent to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases

and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, the Claims and Noticing Agent will assist the Debtors in preparing creditor lists and mailing initial notices, and, therefore, it is more efficient to authorize the Claims and Noticing Agent to mail or email, as applicable, all notices.  Accordingly, Kroll should undertake such mailings and email service.

### IV.    The Court Should Authorize the Debtors to Provide Electronic Service to Certain Parties in Interest.

17.    Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  In addition, Bankruptcy Rule 2002(m) specifically authorizes the Court to "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent."  Fed. R. Bankr. P. 2002(m).

18.    The Debtors submit that the proposed manner of serving certain parties in interest with electronic copies of pleadings and notices is appropriate given the facts and circumstances of these chapter 11 cases.  The Debtors have approximately 1,270 vendors and approximately 53 customers.  In addition, the Debtors have approximately 163 current employees and have employed over 185 former employees over the last three years.  In total, approximately 2,200 parties will receive copies of notices and pleadings in these chapter 11 cases.

19.    While gathering the requisite contact and noticing information for parties in interest in preparation for filing these cases, the Debtors identified certain creditors for which the Debtors do not have mailing addresses on file in their ordinary course books and records.  Despite diligent efforts to search for these creditors' mailing addresses during the course of the prepetition due diligence process, neither the Debtors nor their advisors have been able to locate mailing addresses for all of the Debtors' creditors.  As of the Petition Date, there remains a subset of the Debtors'

creditors for which the Debtors do not have mailing addresses on file at which to serve notices and pleadings filed in these cases.[6]  Accordingly, the Debtors respectfully request that the Court authorize the Debtors to serve such creditors via email using the email address maintained by the Debtors in their books and records.

20.     Because the Debtors do not have mailing addresses on file for these creditors, email is the method of service that is most likely to provide effective notice and facilitate creditor responses.  In addition, email service will help alleviate administrative burdens on the Debtors' estates.  Further, the Debtors' Claims and Noticing Agent will post all notices, pleadings, and other filings in these cases on Kroll's website at https://case.ra.kroll.com/takeoff.

21.     In complex chapter 11 cases in this and other districts, courts have permitted debtors to provide email service to creditors.  *See In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) (authorizing debtors to provide email service to customers with a valid email address on file with the debtors and non-customer creditors who have a valid email address on file with the debtors but have not designated a physical mailing address); *In re Peer Street, Inc.*, No. 23-10815 (LSS) (authorizing the debtors to serve creditors via email); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (same); *In re Boxed, Inc.*, No. 23-10397 (BLS) (Bankr. D. Del. April 6, 2023) (authorizing debtors to serve customers via email); *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. Jan. 9, 2023) (authorizing debtors to provide email service to customers with a valid email address on file with the debtors and non-customer creditors who have a valid email address on file with the debtors but have not designated a physical mailing address); *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Nov. 10, 2020) (authorizing debtors to serve customers via email).

---

[6]     As of the Petition Date, the Debtors have identified 271 parties for which the Debtors do not have mailing addresses on file in their books and records.

22. The Debtors submit that implementation of the procedures requested herein is appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code. For the avoidance of doubt, the Debtors are not seeking authority to serve notices and pleadings via email to creditors and other parties in interest for which the Debtors do have mailing addresses on file. In addition, if the Debtors subsequently obtain mailing addresses for creditors which they do not presently have on file, the Debtors will thereafter serve such creditors with hard copies of notices and pleadings at the identified mailing address, as applicable.

**V.      Cause Exists to Authorize the Debtors to Redact Certain Personally Identifiable Information of Individuals.**

23. Included among the Debtors' creditors listed on the Creditor Matrix are current and former employees of the Debtors, as well as individual equity holders. Section 107(c)(1) of the Bankruptcy Code enables this Court to protect parties from the potential harm that could result from disclosing personally identifiable information that may lead to identify theft or other unlawful injury. 11 U.S.C. § 107(c)(1). Bankruptcy Rule 9037 also requires that personally identifiably information of individuals be redacted to protect against their disclosure for privacy and security concerns.

24. It is appropriate to authorize the Debtors to redact from any document publicly available in these chapter 11 cases the names and all associated personal information, including home addresses, of the Debtors' current and former employees, as well as individual equity holders, to avoid exposing these individuals to potential identity theft or jeopardizing their safety by publishing their home addresses.

25. Indeed, there is little benefit to public access to the home addresses of the Debtors' current and former employees and individual equity holders in the context of a bankruptcy case,

when the Debtors' addresses are readily available and the noticing agent in these chapter 11 cases will maintain a separate, confidential mailing list for service to the employees and individual equity holders at their residences for the benefit of all parties in interest desiring to serve such parties with pleadings or notices in these chapter 11 cases.

26.     Courts in this District frequently grant similar relief.  *See, e.g.*, *In re Gold Standard Baking, LLC, et al.*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) (authorizing the debtors to redact address information and other personally identifiable information of individual creditors, including the debtors' employees, listed on the creditor matrix or other documents filed with the court); *In re EYP Group Holdings, Inc., et al.*, Case No. 22-10367 (MFW) (Bankr. D. Del. April 26, 2022) (same); *In re Agspring Miss. Region, LLC*, No. 21-11238 (CTG) (Bankr. D. Del. Sept. 13, 2021) (same); *In re Sequential Brands Group, Inc., et al.*, Case No. 21-11194 (JTD) (Bankr. D. Del. Sept. 1, 2021) (same); *In re Secure Home Holdings LLC*, No. 21-10745 (JKS) (Bankr. D. Del. Apr. 27, 2021) (same).

27.     Accordingly, the Debtors submit that the redaction of personally identifiably information of current and former employees of the Debtors, as well as individual equity holders, from the Creditor Matrix is consistent with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and appropriate under the facts and circumstances present here.

## Compliance with Local Rule 9018-1(d)(iv)

28.     Under the circumstances, and given the nature of the relief requested herein, the Debtors have not been able to confer with the individuals whose information is requested to be sealed and, accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

**<u>Notice</u>**

29.     The Debtors will provide notice of this Motion to:  (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) counsel to the DIP Lenders; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered herein will be served as required by Local Rule 9013-1(m).  In light of the nature of the relief requests, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein, and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: May 30, 2024
Wilmington, Delaware

/s/ Joseph M. Mulvihill

| | |
|---|---|
| **YOUNG, CONAWAY, STARGATT & TAYLOR LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| Joseph M. Mulvihill (Del. Bar No. 6061) | Justin Bernbrock (*pro hac vice* pending) |
| Shella Borovinskaya (Del. Bar No. 6758) | Robert B. McLellarn (*pro hac vice* pending) |
| Kristin L. McElroy (Del. Bar No. 6871) | 321 North Clark Street, 32nd Floor |
| Rodney Square | Chicago, Illinois 60654 |
| 1000 North King Street | Telephone:    (312) 499-6300 |
| Wilmington, DE 19801 | Facsimile:    (312) 499-6301 |
| Telephone:    (302) 571-6600 | Email:    jbernbrock@sheppardmullin.com |
| Facsimile:    (302) 571-1253 |         rmclellarn@sheppardmullin.com |
| Email:    jmulvihill@ycst.com | |
|         sborovinskaya@ycst.com | -and- |
|         kmcelroy@ycst.com | |
| | Alexandria G. Lattner (*pro hac vice* pending) |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | 650 Town Center Drive, 10th Floor |
| | Costa Mesa, California 92626 |
| | Telephone:    (714) 513-5100 |
| | Facsimile:    (714) 513-5130 |
| | Email:    alattner@sheppardmullin.com |
| | |
| | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN
LIEU OF SUBMITTING A SEPARATE MAILING MATRIX
FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF
THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS,
(C) PROVIDE CERTAIN PARTIES IN INTEREST WITH ELECTRONIC
SERVICE, AND (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF INDIVIDUALS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing

the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix

for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu

of filing lists for each Debtor, (iii) provide certain parties in interest with electronic service, and

(iv) redact certain personally identifiable information of individuals; and (b) granting related relief,

all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2024, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2024 and shall be served on: (a) proposed counsel to the Debtors (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, Illinois 60654, Attn.: Justin Bernbrock and Robert B. McLellarn, and (ii) Young, Conaway, Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Joseph M. Mulvihill, Shella

Borovinskaya, Kristin L. McElroy; and (b) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jon Lipshie (Jon.Lipshie@usdoj.gov).

3.      The Debtors are authorized, but not directed, to submit the consolidated Creditor Matrix.  The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are waived, and the Debtors are authorized to submit a consolidated Creditor Matrix; *provided that* if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own separate mailing matrix and provide same to the Clerk's office within 5 days of any such conversion.

4.      The Debtors are authorized to file a single consolidated list of their thirty largest unsecured creditors in lieu of filing a list of their largest 20 unsecured creditors; *provided that* the Debtors shall provide information regarding their largest creditors on an entity-by-entity basis to the U.S. Trustee upon request.

5.      The Debtors are authorized, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of natural persons, including individual creditors and individual equity holders.  The Debtors shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) the Claims and Noticing Agent, and (e) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases; *provided that* any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request unless otherwise

required to be disclosed by law or court order.  The Debtors shall inform the Court and the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

6.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.

7.      The Debtors shall file a redacted version of the Creditor Matrix and the Schedules and Statements, and shall post the redacted versions of such documents on Kroll's website at https://case.ra.kroll.com/takeoff.

8.      For the avoidance of doubt, to the extent not already done, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

9.      Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

10.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing agent, to effectuate the service on such party's behalf.

11.      All pleadings required to be served on employees will be served at their residential address.

12.      The Debtors are authorized to provide notices and service of pleadings to creditors, for which the Debtors do not have mailing addresses on file in their books and records, via email using the email address maintained by the Debtors in their books and records; *provided* that, if the Debtors subsequently obtain mailing addresses for such creditors, the Debtors shall thereafter serve such creditors with hard copies of notices and pleadings at the identified mailing address, as applicable.  For the avoidance of doubt, this Interim Order does not authorize service by email of any complaint or other pleading filed in an adversary pleading.

13.      The Debtors, through the Claims and Noticing Agent, are authorized to serve all pleadings and papers on all parties listed on the Creditor Matrix consistent with the provisions of this Order.

14.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon entry.

15.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Exhibit B

## Proposed Final Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN
LIEU OF SUBMITTING A SEPARATE MAILING MATRIX
FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF
THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS,
(C) PROVIDE CERTAIN PARTIES IN INTEREST WITH ELECTRONIC
SERVICE, AND (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF INDIVIDUALS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of a final order (this "Final Order"): (a) authorizing the

Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for

each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of

filing lists for each Debtor, (iii) provide certain parties in interest with electronic service, and (iv)

redact certain personally identifiable information of individuals; and (b) granting related relief, all

as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are:  Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to submit the consolidated Creditor Matrix.  The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are waived, and the Debtors are authorized to submit a consolidated Creditor Matrix; provided that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own separate mailing matrix and provide same to the Clerk's office within 5 days of any such conversion.

3.      The Debtors are authorized to file a single consolidated list of their thirty largest unsecured creditors in lieu of filing a list of their largest 20 unsecured creditors; provided that the

Debtors shall provide information regarding their largest creditors on an entity-by-entity basis to the U.S. Trustee upon request.

4.      The Debtors are authorized, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of natural persons, including individual creditors and individual equity holders.  The Debtors shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) the Claims and Noticing Agent, and (e) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases; provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request unless otherwise required to be disclosed by law or court order.  The Debtors shall inform the Court and the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

5.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

6.      The Debtors shall file a redacted version of the Creditor Matrix and the Schedules and Statements, and shall post the redacted versions of such documents  on Kroll's website at https://case.ra.kroll.com/takeoff.

7.      For the avoidance of doubt, to the extent not already done, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

31661168.3

-3-

8.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

9.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing agent, to effectuate the service on such party's behalf.

10.     All pleadings required to be served on employees will be served at their residential address.

11.     The Debtors are authorized to provide notices and service of pleadings to creditors, for which the Debtors do not have mailing addresses on file in their books and records, via email using the email address maintained by the Debtors in their books and records; *provided* that, if the Debtors subsequently obtain mailing addresses for such creditors, the Debtors shall thereafter serve such creditors with hard copies of notices and pleadings at the identified mailing address, as applicable.  For the avoidance of doubt, this Final Order does not authorize service by email of any complaint or other pleading filed in an adversary pleading.

12.     The Debtors, through the Claims and Noticing Agent, are authorized to serve all pleadings and papers on all parties listed on the Creditor Matrix consistent with the provisions of this Order.

13.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Order are immediately effective and enforceable upon entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.