## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) ) ) | Case No. 24-11106 (CTG) |
| Debtors. | ) ) ) ) ) ) | (Jointly Administered) <br><br> <u>Hearing Date</u>: June 27, 2024 at 11:15 a.m. (ET) <br> <u>Obj. Deadline</u>: June 20, 2024 at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### (I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS
### OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), respectfully state as follows in support of this motion (this "<u>Motion</u>"):

### Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"): (a) extending the deadline to file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "<u>Schedules and Statements</u>") by thirty (30) days, through and including July 29, 2024, without prejudice to the Debtors' ability to request additional time should it become necessary to do so; and (b) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein are Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1007-1(b).

**Background**

5. Founded in 2016 by a group of former grocery executives, the Debtors operate one of the leading eGrocery, micro-fulfillment solution companies in the world. The Debtors' business model centers around the sale, subsequent maintenance, and support of the equipment and software needed to operate micro-fulfillment centers—i.e., small, automated, robotic warehouses either placed in grocery stores or near the end-shoppers.

6. Headquartered in Waltham, Massachusetts, with international subsidiaries organized in Canada, Australia, India, and the United Arab Emirates, the Debtors' business is global. At their peak, the Debtors had over 300 employees working on dozens of sites across eight countries and four continents. However, despite generating strong revenue, the Debtors failed to make

material progress towards achieving profitability and suffered significant operating losses in 2022 and 2023 due to the cost pressures associated with an early-stage software company.

7. On May 30, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On June 12, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee") [Docket No. 64]. No request has been made for the appointment of a trustee or an examiner.

9. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Brett M. Anderson in Support of Chapter 11 Petitions, the DIP Motion, and First Day Pleadings* [Docket No. 12] (the "First Day Declaration").[2]

**Basis for Relief**

10. Pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within fourteen days of the Petition Date. Under Local Rule 1007-1(b), the deadline is automatically extended to the date that is twenty-eight (28) days after the Petition Date, not including the Petition Date, if (a) the Debtors' bankruptcy petitions are accompanied by a list of all of the Debtors' creditors and their addresses, in accordance with Local Rule 1007-2, and (b) the total number of creditors in the Chapter 11 Cases exceeds 200. *See* Del. Bankr. L.R.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

1007-1(b). Here, the Debtors' bankruptcy petitions were filed with a list of the Debtors' potential creditors and their addresses, in accordance with Local Rule 1007-2 (the "Creditors List"), and the Creditors List includes more than 200 potential creditors. Accordingly, by operation of Local Rule 1007-1(b), the deadline for the Debtors to file the Schedules and Statements is automatically extended to June 27, 2024, which is twenty-eight (28) days after the Petition Date.

11. Pursuant to Bankruptcy Rules 1007(a)(5) and 1007(c), the Court has authority to further extend the time required for filing the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(5), 1007(c). Here, the Debtors respectfully submit that good and sufficient cause exists to further extend the deadline for the filing of the Schedules and Statements as requested herein, based on (a) the size and complexity of the Debtors' business, (b) the number of potential creditors of the Debtors, and (c) the numerous burdens imposed by the Debtors' chapter 11 efforts, particularly in the early days of the Chapter 11 Cases. To prepare their Schedules and Statements, the Debtors must compile a significant amount of financial information from books, records, and documents relating to their assets, contracts, and claims of creditors. This information is voluminous, and assembling the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors. The magnitude of that task, when taken together with the Debtors' transition into chapter 11 and the ongoing burdens of operating the Debtors' business day to day, supports an extension of the deadline set forth in the Bankruptcy Code and Bankruptcy Rules for filing the Schedules and Statements. Moreover, the relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties in interest. Rather, the extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which in turn will promote efficient administration of the Chapter 11 Cases.

12. Considering the amount of work entailed in completing the Schedules and Statements, combined with the competing demands on the Debtors' employees and professionals in their efforts to stabilize business operations during the initial postpetition period, including with respect to the Debtors' ongoing marketing and sale process,[3] the Debtors respectfully submit that cause exists to extend the deadlines to complete the Schedules and Statements. Allowing the Debtors to focus their attention on stabilizing their operations at the outset of the Chapter 11 Cases, rather than consuming the time and resources of the Debtors and their professionals with the completion of the Schedules and Statements, will provide a substantial benefit to the Debtors' business, their estates, and all parties in interest.

13. Further, during any additional time that the Debtors are permitted to spend preparing the Schedules and Statements, creditors, and other interested parties will still have a high level of visibility into the Debtors' financial affairs through, among other things, public monthly operating reports, which will be filed on the docket in these Chapter 11 Cases.

14. Based on the above, the Debtors submit that there is good and sufficient cause for granting the requested extension of time. The Debtors therefore request that the Court extend the

---

[3] In connection with the Debtors' proposed sale process, as set forth in the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures and Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Authorizing the Debtors to Enter Into the Stalking Horse Purchase Agreement, and (IV) Granting Related Relief; (II) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Bidding Procedures Motion") [Docket No. 62], the Debtors anticipate filing the Schedules and Statements consistent with the sale and case timeline contemplated in the Bidding Procedures Motion. Notwithstanding the foregoing, the Debtors request the extent of the relief herein out of an abundance of caution to the extent such timeline is extended during the Chapter 11 Cases.

initial twenty-eight-day period for an additional thirty (30) days, without prejudice to the Debtors' right to request further extensions, for cause shown.[4]

### Notice

15. The Debtors will provide notice of this Motion to: (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) counsel to the DIP Lenders; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page left intentionally blank*]

---

[4] Pursuant to Local Rule 9006-2, the filing of this Motion before the expiration of the current deadline to file the Schedules and Statements automatically extends such deadline until such time as the Court rules on this Motion. *See* Del. Bankr. L.R. 9006-2.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 13, 2024
Wilmington, Delaware

*/s/ Kristin L. McElroy*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Joseph M. Mulvihill (Del. Bar No. 6061)<br>Shella Borovinskaya (Del. Bar No. 6758)<br>Kristin L. McElroy (Del. Bar No. 6871)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jmulvihill@ycst.com<br>         sborovinskaya@ycst.com<br>         kmcelroy@ycst.com<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>Justin R. Bernbrock (admitted *pro hac vice*)<br>Robert B. McLellarn (admitted *pro hac vice*)<br>321 North Clark Street, 32nd Floor<br>Chicago, Illinois 60654<br>Telephone: (312) 499-6300<br>Facsimile: (312) 499-6301<br>Email: jbernbrock@sheppardmullin.com<br>         rmclellarn@sheppardmullin.com<br><br>-and-<br><br>Alexandria G. Lattner (admitted *pro hac vice*)<br>650 Town Center Drive, 10th Floor<br>Costa Mesa, California 92626<br>Telephone: (714) 513-5100<br>Facsimile: (714) 513-5130<br>Email: alattner@sheppardmullin.com<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* |