**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TAKEOFF TECHNOLOGIES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11106 (CTG)<br><br>Hearing Date:  July 1, 2024 at 3:00 p.m. ET<br>Obj. Deadline:  At the Hearing |

**MOTION TO FILE UNDER SEAL THE PRELIMINARY OBJECTION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING POSTPETITION FINANCING; (II) GRANTING LIENS
AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS;
(III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A
FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Takeoff Technologies, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby moves this Court (the "Motion"), pursuant to sections 105(a) and 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, (a) authorizing the Committee to file under seal the *Preliminary Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (the "DIP

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

Objection") [D.I. 124]², and the exhibits attached thereto (collectively, the sealed portions of the DIP Objection and the exhibits attached thereto will be referred to collectively herein as the "Sealed Materials") and directing that the Sealed Materials remain confidential, under seal, and not made available in unredacted form to any person or entity, except for (i) the Court and its personnel, (ii) the Debtors, (iii) the DIP Lenders³, (iv) the United States Trustee, and (v) any other party the Court directs to receive the Sealed Materials (collectively, the persons identified in (i) through (v), including their retained professionals, shall be referred to as the "Receiving Parties"); and (b) granting such other and further relief as the Court deems necessary or appropriate. In support of this Motion, the Committee respectfully states as follows:

## Jurisdiction And Venue

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. Pursuant to Local Rule 9013-1(f), the Committee consents to entry of a final judgment or order with respect to this Motion if it is determined this Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

---

² Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Interim DIP Order (as defined herein) or the DIP Objection, as appropriate.

³ While each DIP Lender is privy to the terms of its own MTPSA, each DIP Lender is not in possession of the MTPSAs of the other DIP Lenders. At the request of each DIP Lender, three different versions of the DIP Objection were served on the DIP Lenders to protect the confidentiality of the terms of each DIP Lenders' MTPSA.

**Background**

4. On May 30, 2024 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered [D.I. 44].

5. On June 12, 2024, pursuant to Bankruptcy Code section 1102, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee [D.I. 64].

6. On the Petition Date, the Debtors filed their *Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [D.I. 11] (the "DIP Motion").

7. On May 31, 2024, the Debtors filed that certain *Motion for Entry of an Order Authorizing the Debtors to File Under Seal and Redact Confidential Information in the DIP Order* [D.I. 53] (the "Debtors' Seal Motion"). Through the Debtors' Seal Motion, the Debtors requested authority to file under seal the Interim IP Licenses and the Customer Sublicenses (together, the "License Agreements"), which were attached to the Interim DIP Order as Annex A and B, on the basis that they contain sensitive and confidential commercial information (the "Confidential Information"). (Debtors' Seal Motion ¶ 9).

8. On May 31, 2024, the Court entered that certain *Interim Order (A) Authorizing Postpetition Financing; (B) Granting Liens and Providing Superpriority Administrative Expense Claims; (C) Modifying the Automatic Stay; (D) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(C); and (V) Granting Related Relief* [D.I. 55] (the "Interim DIP Order"). The hearing to consider approval of the DIP Motion on a final basis is scheduled for July 1, 2024 at 3:00 p.m. ET.

9. On June 24, 2024, the Court entered an Order [D.I. 97] (the "Debtors' Seal Order") granting the Debtors' Seal Motion. The Debtors' Seal Order authorized the Debtors to file the License Agreements under seal and directs all parties who have received an unredacted version of the License Agreements, which includes the Committee, to maintain the strict confidentiality of the Confidential Information.

10. On June 25, 2024 the Committee filed under seal the DIP Objection, including all of its exhibits. [D.I. 124.] The DIP Objection attaches the same License Agreements and discusses the same Confidential Information that is subject of the Debtors' Seal Order. In addition, the DIP Objection attaches the prepetition contracts between the Debtors and the DIP Lenders (the "MTPSAs") and information regarding the Debtors' historical revenue by customer, which contain similar Confidential Information.

11. The factual background supporting this Motion is more fully set forth in the DIP Objection. That factual background is incorporated in full herein by reference.

## Basis For Relief

12. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, section 107(b) requires the Court to protect confidential commercial information from public disclosure. 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .").

13. Once the Court determines that an entity seeks protection of information falling within one of the categories enumerated in section 107(b) of the Bankruptcy Code, such as

confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

14. Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….

Fed. R. Bankr. P. 9018.

15. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

16. "Commercial information" has been defined as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) *(quoting Orion Pictures*, 21 F.3d at 27–28). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28. It need only be confidential and commercial in nature. *See id*. (noting an interested party need only show that information to be sealed is "confidential and commercial" in nature).

17. Moreover, a movant is not required to demonstrate "good cause" to file the relevant document(s) under seal. Rather, if the material falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id*. at 27.

18. Sufficient reasons exist for the Court to grant the relief requested by this Motion. First and perhaps foremost, the Court has already authorized the License Agreements to be filed under seal and the parties who have received an unredacted version of the License Agreements, which includes the Committee, have been ordered to maintain the strict confidentiality of the Confidential Information. (*See* Debtors' Seal Order).

19. Further, the MTPSAs and the Debtors' revenue breakdown by customer contain similar Confidential Information as the License Agreements.

20. Further, counsel for the Debtors and the DIP Lenders have reiterated to Committee counsel that Debtors and the DIP Lenders wish to preserve the confidentiality of the License Agreements, the MTPSAs, and Confidential Information.

21. Given (i) the totality of the circumstances, including the Committee's recognition of the importance of Court review of the Sealed Materials, (ii) the Debtors' designation of the License Agreements, the MTPSAs, and Confidential Information as confidential, and (iii) the entry of the Debtors' Seal Order, the Committee filed the DIP Objection and all of its exhibits under seal.

22. Unredacted copies of the Sealed Materials have been shared with the Receiving Parties on a strictly confidential basis. Other parties in interest with standing will have an opportunity under applicable rules to raise any concerns with the relief requested by this Motion.

23. Lastly, pursuant to Local Rule 9018-1, the proposed public redacted version of the DIP Objection and the exhibits attached thereto will be filed under a separately filed "Notice of Filing Redacted Version". Such Notice will be filed contemporaneously with this Motion. *See* Local Rule 9018-1(d)(ii).

**CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)(iv)**

24. Lead counsel for the Committee and respective lead counsel for the Debtors and DIP Lenders have conferred in good faith concerning what information contained in the Sealed Materials must remain sealed from public view. The form of proposed public redacted versions of the Sealed Materials attached to the above-referenced Notice have been shared with counsel for the Debtors and counsel for the DIP Lenders, and such counsel have either approved the form of proposed public redacted versions of the Sealed Materials or otherwise not responded with their respective view(s).

**Notice**

25. Notice of this Motion will be provided to (a) counsel for the U.S. Trustee, (b) counsel for the Debtors; (c) counsel to the DIP Lenders; and (d) any party known to have filed a request for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Committee respectfully submits that no further notice is necessary.

**Conclusion**

WHEREFORE, the Committee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A**, and such other relief as is just and proper under the circumstances.

Dated: June 28, 2024                                **ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
Gregory A. Taylor (DE Bar No. 4008)
Destiny A. Kosloske (AL Bar No. 2983W00U)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899-1150
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
Email: RPalacio@ashbygeddes.com
Email: GTaylor@ashbygeddes.com

Email: DKosloske@ashbygeddes.com

-and-

**KILPATRICK TOWNSEND & STOCKTON LLP**
Todd C. Meyers, Esq.
Colin M. Bernardino, Esq.
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: TMeyers@ktslaw.com
Email: CBernardino@ktslaw.com

-and-

Kelly E. Moynihan, Esq.
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8759
Facsimile: (646) 304-2024
Email: KMoynihan@ktslaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# **Exhibit A**

**(Proposed Order)**

{02030112;v4 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TAKEOFF TECHNOLOGIES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11106 (CTG)<br><br>**Related D.I. ___** |

**ORDER AUTHORIZING THE COMMITTEE TO FILE UNDER
SEAL THE PRELIMINARY OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING POSTPETITION FINANCING; (II) GRANTING
LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS;
(III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A
FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors of Takeoff Technologies, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d), seeking entry of an order (this "Order"), (a) authorizing the Committee to file under seal the *Preliminary Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief*, including the exhibits attached thereto [D.I. 124] (the "DIP Objection"), and (b) granting such other and further relief as the Court deems necessary or appropriate; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

{02030112;v4 }

further notice need be provided under the circumstances; and it appearing the Motion constitutes a core proceeding under 28 U.S.C. §157(b)(2) and the relief requested by the Motion is in the best interests of the Debtors, the bankruptcy estates, and creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d), the Committee is authorized to file under seal an unredacted copy of the DIP Objection, including the exhibits attached thereto.

3. Unredacted copies of the Sealed Materials shall not be made available to anyone except the Receiving Parties. Counsel to the U.S. Trustee shall keep the unredacted Sealed Materials strictly confidential.

4. The Committee is authorized to file on this Court's docket a redacted copy of the DIP Objection (including the exhibits attached thereto) in the form attached to the filed Notice of Filing Redacted Version.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Committee is authorized to take all actions necessary and appropriate to effectuate the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and decide any dispute related to or arising from the interpretation or implementation of this Order.