# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>TAKEOFF TECHNOLOGIES, INC., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 24-11106 (CTG)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 10 & 62<br><br>Hearing Date: July 1, 2024 at 3:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER GRANTING THE DEBTORS AND THE DIP LENDERS LEAVE AND PERMISSION TO FILE THEIR RESPECTIVE REPLIES IN SUPPORT OF THE (1) DEBTORS' MOTION FOR ENTRY OF (A) AN ORDER (I) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES, AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES AND ASSUMPTION AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER OF NOTICE THEREOF, (III) AUTHORIZING THE DEBTORS TO ENTER INTO THE STALKING HORSE PURCHASE AGREEMENT, AND (IV) GRANTING RELATED RELIEF; AND (B) AN ORDER (I) APPROVING ASSET PURCHASE AGREEMENT, (II) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF; AND (2) DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING POSTPETITION FINANCING; (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

    The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for the entry of an order, pursuant Rule 9006-1(d) of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) granting the Debtors leave and permission to file replies: (a) in support of the DIP Motion (as defined below) in the form attached hereto as **Exhibit 1** (the "DIP Reply"), and (b) in support of the Bid Procedures Motion (as defined below) in the form attached hereto as **Exhibit 2** (the "Bid Procedures Reply" and together with the DIP Reply, the "Debtors' Replies"); and (ii) granting the lenders under the Debtors' postpetition financing facility (the "DIP Lenders") leave and permission to file forthcoming replies in support of the DIP Motion and Bid Procedures Motion (together with the Debtors' Replies, the "Replies"). In support of this Motion, the Debtors respectfully state as follows:

## BACKGROUND & REPLIES TO THE OBJECTIONS

### I.     General Background

1. On May 30, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. These chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 12, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in the chapter 11 cases [Docket No. 64] (the "Committee"). No request has been made for the appointment of a trustee or an examiner.

3. On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Financing; (II) Granting Liens and Providing*

*Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 10] (the "DIP Motion"). On May 31, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order granting the DIP Motion on an interim basis [Docket No. 55] (the "Interim DIP Order"). Pursuant to the Interim DIP Order, a hearing for the Court to consider final approval of the DIP Motion was scheduled for June 27, 2024 at 11:15 a.m. (ET) (the "June 27 Hearing"). However, to afford time to discuss a consensual resolution of the DIP Motion with the Committee, the DIP Lenders, and the U.S. Trustee, the Debtors agreed to adjourn the hearing for the relief requested in the DIP Motion on a final basis to July 1, 2024 at 3:00 p.m. (ET) (the "July 1 Hearing").

4. On June 6, 2024, the Debtors filed the *Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets Free and Clear of all Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures and Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Authorizing the Debtors to Enter Into the Stalking Horse Purchase Agreement, and (IV) Granting Related Relief; and (B) an Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 62] (the "Bid Procedures Motion") seeking, among other things, entry of an order approving certain procedures to govern the sale of all or substantially all of the Debtors' assets. The Bid Procedures Motion was scheduled to be heard at the June 27 Hearing but was adjourned to the July 1 Hearing to afford

time for the Debtors, the DIP Lenders, and the Committee to reach a consensual resolution with respect to the relief sought through the Bid Procedures Motion.

**II.     The Objections and the Replies**

5.     On June 18, 2024, the U.S. Trustee filed the *United States Trustee's Limited Objection to Motion of the Debtors for Entry of an Order Approving Postpetition Financing and Granting Related Relief* [Docket No. 88] (the "U.S. Trustee Objection"). Through the U.S. Trustee Objection, the U.S. Trustee objects to the DIP Motion because of the Debtors' request to transfer certain intellectual property to the DIP Lenders.

6.     On June 25, 2024, the Committee filed the (i) *Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of (A) an Order (I) Scheduling a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets Free and Clear of all Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures and Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Authorizing the Debtors to Enter Into the Stalking Horse Purchase Agreement, and (IV) Granting Related Relief; and (B) an Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 123] and (ii) *Preliminary Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying Automatic Stay; (IV) Scheduling a Final Hearing;*

*and (V) Granting Related Relief* [Docket No. 124] (Sealed) [2] (the "Committee Objections" and, together with the U.S. Trustee Objection, the "Objections").  Through the Committee Objections, the Committee takes issue with the Bid Procedures Motion and the DIP Motion with respect to the Debtors' proposed transfer of the IP to the DIP Lenders.

7. Despite the Committee filing the Committee Objections on June 25, 2024, the Debtors and the DIP Lenders did not receive a copy of the Committee's sealed thirty-page objection to the DIP Motion until the morning of June 26, 2024, the morning of the Reply Deadline (as defined below).

8. Pursuant to Local Rule 9029-3, "Delaware Counsel shall file the agenda in the bankruptcy case . . . with the Bankruptcy Court on or before 12:00 p.m. prevailing Eastern Time two (2) business days before the date of the hearing." The deadline to file the agenda for the July 1 Hearing was June 27, 2024, at 12:00 p.m. (ET).

9. Pursuant to Local Rule 9006-1(d), "reply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Accordingly, the deadline to file the Replies was Wednesday, June 26, 2024 at 4:00 p.m. (ET) (the "Reply Deadline").

10. The Debtors and the DIP Lenders have been working diligently and expeditiously to respond to the issues raised in the Objections through the Replies. On a parallel path, the Debtors and the DIP Lenders have been, and continue to, work towards addressing the issues raised in the Objections on a consensual basis. Given the interrelated nature of the final relief requested in the DIP Motion and the relief sought through the Bid Procedures Motion, the Debtors submit that permitting them and the DIP Lenders to file the Replies after the Reply Deadline is

---

[2] Hy-Vee Food Stores, Inc. filed a joinder thereto [Docket No. 125].

5

appropriate. The Replies are being filed in support of the DIP Motion and the Bid Procedures Motion and to respond to various arguments asserted in the Objections. The Replies, among other things, set forth the reasons why the Objections, to the extent that they remain unresolved by the July 1 Hearing, should be overruled and the DIP Motion and the Bid Procedures Motion should be granted. Accordingly, the Debtors submit that that the Replies will assist the Court in its consideration of the DIP Motion and the Bid Procedures Motion and the Objections filed in response thereto.

Dated: June 28, 2024
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Joseph M. Mulvihill (Del. Bar No. 6061)<br>Shella Borovinskaya (Del. Bar No. 6758)<br>Kristin L. McElroy (Del. Bar No. 6871)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br>Email:  jmulvihill@ycst.com<br>  sborovinskaya@ycst.com<br>  kmcelroy@ycst.com<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>Justin R. Bernbrock (admitted *pro hac vice*)<br>Robert B. McLellarn (admitted *pro hac vice*)<br>321 North Clark Street, 32nd Floor<br>Chicago, Illinois 60654<br>Telephone:  (312) 499-6300<br>Facsimile:  (312) 499-6301<br>Email:  jbernbrock@sheppardmullin.com<br>  rmclellarn@sheppardmullin.com<br><br>-and-<br><br>Alexandria G. Lattner (admitted *pro hac vice*)<br>650 Town Center Drive, 10th Floor<br>Costa Mesa, California 92626<br>Telephone:  (714) 513-5100<br>Facsimile:  (714) 513-5130<br>Email:  alattner@sheppardmullin.com<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* |