## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TAKEOFF TECHNOLOGIES, INC., *et al.*,[1]<br><br><br>Debtors. | Chapter 11<br><br>Case No. 24-11106 (CTG)<br>(Jointly Administered)<br><br>Hearing Date: July 8, 2024 at 11:00 a.m.<br>UST Objection Deadline: July 1, 2024<br><br>Ref: Docket No. 82 and 81 |

## UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE DEBTORS' MOTION FOR AN ORDER APPROVING THEIR KEY EMPLOYEE INCENTIVE PLAN AND EXHIBITS FILED IN CONNECTION THEREWITH

Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), through his counsel, files this objection to the *Debtors' Motion for Entry of an Order Authorizing Debtors to File Under Seal Certain Information Contained in the Debtors' Motion for an Order Approving Their Key Employee Incentive Plan and Exhibits Filed in Connection Therewith* (the "Seal Motion") [D.I. 82], and in support of the objection, states:

### PRELIMINARY STATEMENT

1.  The U.S. Trustee objects to the Seal Motion because the Debtors seek to prevent their creditors, other parties in interest, and the general public from accessing information that is central to the Debtors' KEIP Motion (as defined below). The information which the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd.; Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

seek to shield from public view is neither confidential commercial information nor otherwise eligible for protection under §107(b) of the Bankruptcy Code.

2. There is a strong presumption under U.S. law that the public has a right to access of judicial records. In bankruptcy proceedings, the only categories of information that may be shielded from disclosure are "trade secret or other confidential research, development or commercial information," information that is "scandalous or defamatory," information "made confidential by statute or regulation," or which could result in identity theft. 11 U.S.C. § 107(b), (c); Fed. R. Bankr. P. 9018. The Debtors have failed to meet their burden to establish that the information which they seek to keep from their creditors and other parties in interest falls within this narrow exception.

3. By the Seal Motion, the Debtors seek authority to keep under seal portions of the KEIP Motion itself. Specifically, the Debtors have redacted the names, titles, salaries and proposed bonus amounts for certain "insiders" of the Debtors. This information is not "confidential information" as the Debtors contend because this information is the exact type of information required to be disclosed in the Debtors' Statement of Financial Affairs during these bankruptcy cases.

4. For these reasons, set forth in more detail below, the Motion should be denied.

## **JURISDICTION & STANDING**

5. Pursuant to (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion and this Objection.

6. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

7. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## FACTUAL BACKGROUND

8. The Debtors filed their voluntary chapter 11 petition in this Court on May 30, 2024. The Debtors continue to operate their business as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

9. On June 12, 2024, the U.S. Trustee appointed the Official Unsecured Creditors' Committee.

10. On June 14, 2024, the Debtors filed the *Motion for an Order Approving Key Employee Incentive Plan and Granting Related Relief* ("KEIP Motion", D.I. 81) seeking authorization to implement the KEIP for five employees.

11. Under the proposed KEIP, the participants will receive a lump-sum bonus which is a percentage of base salary depending upon the sales price of substantially all the Debtors' assets. *Id*., ¶ 22. The bonus is determined on a sliding scale of the "Target Sales Range" tiers. *Id.* ¶ 22. While the Motion does not provide the individual bonuses each participant will receive, the Debtors disclose that two participants (Group 1) will receive significantly more generous

payments than the other (Group 2). The Group 1 members will receive a bonus of 50% for Tier 1, 66.7% for Tier 2, 83.3% for Tier 3 and 100% for Tier 4. The Group 2 members will receive a bonus of 10% for Tier 1, 20% for Tier 2, 30% for tier 3, and 40% for Tier 4. *Id.*, ¶ 23. The aggregate bonuses range from $540,801 in Tier 1 to $1,231,954 in Tier 4. *Id.* While the Debtors have not expressly stated in the Motion whether the KEIP participants are "insiders," it appears from the unredacted version of the Motion that all five of the KEIP participants are "insiders."

## LAW AND ANALYSIS

12. The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), that "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 591; *accord Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and that judicial records," and that "this right of access is 'beyond dispute'").

13. Section 107(a) of the Bankruptcy Code provides that all papers "filed in a case under this title . . . are public records and open to examination" by the public. 11 U.S.C. § 107(a). "This policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994); *accord In re Alterra Healthcare Corporation*, 353 B.R. 66, 71 (Bankr. D. Del. 2006) ("[D]ocuments filed in bankruptcy cases have historically been open to the press and general public."); *In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993) (noting ". . . the strong presumption in favor of public access to judicial records and papers. . . ."); *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

14. A limited exception to public disclosure may be invoked to protect "an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1);[2] *accord* Fed. R. Bankr. P. 9018. Specifically, Bankruptcy Rule 9018 provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

15. The moving party bears the burden of showing that a request to place documents under seal falls within the parameters of Bankruptcy Code § 107(b) and Bankruptcy Rule 9018 by demonstrating ". . . that the interest in secrecy outweighs the presumption in favor of access." *Continental Airlines,* 150 B.R. at 340; *accord Food Mgmt. Group*, 359 B.R. at 561; *In re Fibermark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005). To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." *Food Mgmt. Group*, 359 B.R. at 561 (citing *Orion*, 21 F.3d at 27).

16. In *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984), the Third Circuit Court of Appeals indicated that a party seeking to seal any part of a judicial record bears the burden of showing (1) that the material is the kind of information that courts will protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking closure.); *Id.* at 1071-2; *accord In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001) (party seeking to seal

---

[2] Although not relevant in these cases, section 107 also permits a court, for cause, to protect an individual from disclosure of information that could result in identity theft or other unlawful injury. 11 U.S.C. § 107(c).

must "clearly define[]" the "serious injury" that would ensue from public disclosure of the documents). Before sealing the record, the court must be able to articulate the compelling countervailing interests to be protected, and make specific findings on the record concerning the effects of the disclosure. *Publicker,* 733 F.2d at 1072.

17. Debtors do not, and cannot, argue that any of the information they seek to have kept under seal constitutes a "trade secret." Nor do they argue that such information constitutes "confidential research, [or] development." *See* Seal Mot. ¶¶ 13-16. Rather, the Debtors argue that all of the information they seek to keep hidden is "Confidential Information." *Id.* ¶ 11. Specifically, Debtors assert that the identities and the salaries of the KERP participants are non-public information. *Id.* ¶ 16. Debtors believe that the sealing will protect the privacy of the KERP participants. *Id.* Further, Debtors contend that the disclosure of this information will provide competitors with information to recruit the KEIP participants. *Id.*

18. Notwithstanding Debtors' contentions, the KEIP participants are "insiders," and the information is neither confidential nor non-public. In these bankruptcy cases, the Debtors will file Statements of Financial Affairs ("SOFAs"). Part 2, Question 4 of the SOFAs requires that the Debtors disclose all "payments or transfers of property made within one year before filing which benefits any insider." Consequently, the Debtors will disclose the identity of each insider and transfers made to them (e.g., wages and bonuses) for the year prior to the bankruptcy filings. In the Seal Motion, the Debtors seek to seal the same type of information which the Debtors will publicize for their insiders in the SOFAs – for example, job titles and the amounts of transfers. Such information is not "confidential information" under section 107(b) of the Bankruptcy Code. As a result, the Seal Motion should be denied.

## **RESERVATION OF RIGHTS**

19. The U. S. Trustee reserves and any all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Objection, file a Motion and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

WHEREFORE, the U.S. Trustee respectfully requests that this Court (a) deny the Seal Motion and (b) grant such other and further relief as this Court deems just and appropriate.

Dated: July 1, 2024
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**Regions 3 and 9**

By: */s/ Jonathan W. Lipshie*
    Jonathan W. Lipshie
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (2020 567-1124 (Phone)
    (302) 573-6497 (Fax)
    Jon.Lipshie@usdoj.gov