IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TAKEOFF TECHNOLOGIES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11106 (CTG)<br><br>Jointly Administered.<br><br>Hearing Date: July 31, 2024, at 11:30 a.m. (ET)<br>Obj. Deadline: July 17, 2024, at 4:00 p.m. (ET) |

**APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ASHBY & GEDDES, P.A. AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TAKEOFF TECHNOLOGIES, INC., ET AL., EFFECTIVE AS OF JUNE 14, 2024**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), hereby files this application (the "Application") seeking entry of an order, pursuant to section 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the retention of Ashby & Geddes, P.A. ("Ashby & Geddes") as Delaware counsel to the Committee in these Chapter 11 cases, effective as of June 14, 2024. In support of its Application, the Committee relies upon the Affidavit of Ricardo Palacio in Support of Application for an Order Authorizing the Retention and Employment of Ashby & Geddes, P.A. as Delaware Counsel to the Official Committee of Unsecured Creditors of Takeoff Technologies, Inc., et al., effective as of June 14, 2024 (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

"Palacio Affidavit"), attached hereto as Exhibit A. In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Application is proper in this district in accordance with 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## RELEVANT BACKGROUND

2. On May 30, 2024, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or an examiner in these Chapter 11 cases.

5. On June 12, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

6. The Committee has chosen to retain, subject to Bankruptcy Court approval, the law firm of Kilpatrick Townsend & Stockton LLP ("Kilpatrick Townsend") as its lead counsel and Ashby & Geddes as its Delaware counsel.

## RELIEF REQUESTED

7. By this Application, the Committee seeks authority to employ and retain Ashby & Geddes as its Delaware counsel, effective as of June 14, 2024.

**BASIS FOR RELIEF**

A. **Ashby & Geddes' Qualifications**

8. Ashby & Geddes is well suited to represent the Committee during these Chapter 11 cases. Ashby & Geddes has the requisite expertise on matters that are likely to arise in these cases including, but not limited to, handling bankruptcy and debt reorganization problems and procedures arising in the reorganization framework. Ashby & Geddes has become familiar with the Debtors' businesses and affairs, as well as many of the potential legal issues which may arise in the context of these Chapter 11 cases. Accordingly, the Committee believes the retention of Ashby & Geddes as Delaware counsel is in the best interests of the Committee and the Debtors' unsecured creditors.

9. After due consideration and deliberation, the Committee has concluded that its interests and the interests of the Debtors' unsecured creditors would be best served by the retention of Ashby & Geddes as Delaware counsel to render such legal services as are necessary and appropriate in connection with the matters set forth herein, and other matters that may arise during the pendency of these Chapter 11 cases.

B. **Payment Of Fees And Expenses**

10. Subject to this Court's approval, Ashby & Geddes will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon Ashby & Geddes' filing of appropriate applications for the allowance of interim and final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court. The Committee requests that Ashby & Geddes be compensated on an hourly basis and reimbursed for the actual, necessary expenses it incurs. It is further contemplated that Ashby & Geddes will seek interim compensation and reimbursement of

expenses during these Chapter 11 cases as permitted by section 331 of the Bankruptcy Code and the Orders and Rules of this Court.

11. Although certain additional professionals and paraprofessionals at Ashby & Geddes may provide services to the Committee from time to time, the principal attorneys and paralegal presently designated to represent the Committee, and their current standard hourly rates, are:

| NAME | TITLE | RATE |
|---|---|---|
| Ricardo Palacio | Director | $785 |
| Gregory Taylor | Director | $750 |
| Destiny A. Kosloske | Associate | $395 |
| Kristy Jones | Paralegal | $335 |
| Anthony Dellose | Paralegal | $335 |

12. The hourly rates set forth above are Ashby & Geddes' current regular hourly rates for work of this nature and are adjusted on an annual basis. These rates are set at a level designed to fairly compensate Ashby & Geddes for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Such hourly rates do not include charges for non-legal personnel who also record time spent working on matters for particular clients. It is Ashby & Geddes' policy to charge its clients for all other services provided and for disbursements and expenses incurred in relation thereto. These disbursements and expenses include, among other things, charges for telephone and facsimile usage (outgoing only), photocopying (10 cents per page), travel, business meals, computerized research, messengers, couriers, postage, witness fees and fees related to trials and hearings. Ashby & Geddes will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to its other clients.

13. Other than as set forth above and in the Palacio Affidavit, no arrangement is proposed between the Committee and Ashby & Geddes for compensation to be paid in these Chapter 11 cases.

14. Ashby & Geddes understands that any compensation and expenses paid to it must be

approved by this Court upon application consistent with the Bankruptcy Code and applicable Bankruptcy Rules.

  **C.** **Services To Be Provided**

  15. During the course of these Chapter 11 cases, the Committee anticipates that Ashby & Geddes will be required to render legal services relating to the administration and reorganization of these Chapter 11 cases and to the issues that may arise out of the Debtors' businesses including, but not limited to:

    a. providing legal advice regarding the rules and practices of this Court applicable to the Committee's powers and duties as an official committee appointed under section 1102 of the Bankruptcy Code;

    b. providing legal advice regarding any disclosure statement and plan filed in these cases and with respect to the process for approving or disapproving a disclosure statement and confirming or denying confirmation of a plan;

    c. preparing and reviewing applications, motions, complaints, answers, orders, agreements and other legal papers filed on behalf of the Committee for compliance with the rules and practices of this Court;

    d. appearing in Court to present necessary motions, applications and pleadings and otherwise protecting the interests of the Committee and unsecured creditors of the Debtors; and

    e. performing such other legal services for the Committee as the Committee believes may be necessary and proper in these Chapter 11 cases.

While rendering legal services for the Committee, Ashby & Geddes will coordinate with Kilpatrick Townsend to avoid any duplication of effort and expense.

**D.** **Bankruptcy Rule 2014 Disclosures**

16. To the best of the Committee's knowledge and except as may be set forth in the Palacio Affidavit, Ashby & Geddes has not represented the Debtors, any of the creditors of the Debtors, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. To the best of the Committee's knowledge and except as may be set forth in the Palacio Affidavit, Ashby & Geddes does not hold or represent any interest adverse to the interests of the Committee or the Debtors' unsecured creditors. Accordingly, Ashby & Geddes qualifies as a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and Ashby & Geddes' employment is necessary and in the best interests of the Committee and the Debtors' unsecured creditors.

17. For the reasons set forth above, the Committee submits that Ashby & Geddes' retention and employment is necessary and in the best interest of the Committee and the Debtors' unsecured creditors.

**NOTICE**

18. Notice of this Application has been given to: (i) the Office of the United States Trustee; (ii) counsel to the Debtors; and (iii) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Committee submits that no other or further notice is necessary.

**NO PRIOR APPLICATION**

19. No previous application for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests the entry of an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the Committee to employ and retain Ashby & Geddes as its Delaware counsel, effective as of June 14, 2024 on the terms and conditions set forth herein, and (ii) granting such other and further relief as is just and proper.

Dated: July 3, 2024

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
TAKEOFF TECHNOLOGIES, INC., *ET AL.*

*/s/ Andrea Smook*
By: Andrea Smook for Hy-Vee, Inc., solely in its capacity as chairperson of the Committee and not in its individual capacity