**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re                                                             :        Chapter 11
:
**TAKEOFF TECHNOLOGIES, INC.,** *et al.,*          :        Case No. 24-11106 (CTG)
:
Debtors.[1]                                                      :        (Jointly Administered)
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STATEMENT OF FINANCIAL AFFAIRS FOR
## TAKEOFF TECHNOLOGIES FZE (CASE NO. 24-11109)

---

1    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND STATEMENTS
OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## INTRODUCTION

The debtors and debtors in possession (collectively, the "Debtors" or the "Company") in the above-captioned chapter 11 cases (these "Chapter 11 Cases") submit their *Schedules of Assets and Liabilities* (the "Schedules") and *Statements of Financial Affairs* (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedule of Assets and Liabilities and Statement of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "Specific Notes," and, together with the Global Notes, the "Notes"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

On May 30, 2024 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 24-11106 (CTG). The Debtors are authorized to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are:  Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.

The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court. Nothing contained in the Schedules and Statements or these *Notes* shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to these Chapter 11 Cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases, and claims, assumption or rejection of contracts and leases, and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

The Debtors and their agents, attorneys, and financial advisors shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1. **Reservation of Rights.** The Debtors reserve the right to dispute or to assert setoff or other defenses to any claim reflected in the Schedules and Statements as to amount, liability, and classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

2. **Basis of Presentation.** In the ordinary course of business, the Debtors prepare consolidated financial statements for financial reporting purposes on a monthly basis. The Schedules and Statements are unaudited and are the result of the Debtors' reasonable

efforts to report certain information of each Debtor on an unconsolidated basis. The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor. The majority of the Debtors' operations occur through Takeoff Technologies, Inc.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") or any other generally accepted principles of foreign jurisdictions, as applicable, nor are they intended to reconcile to the financial statements of each Debtor.

The Schedules and Statements have been signed by Brett M. Anderson, Deputy Chief Restructuring officer for the Company.[2] In reviewing and signing the Schedules and Statements, Mr. Anderson necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel who report to, or work with, Mr. Anderson, either directly or indirectly. Mr. Anderson has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3. **Insiders.** In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" as such term is defined in section 101(31) of the Bankruptcy Code. Except as otherwise disclosed herein or in the Statements, payments to "insiders" are set forth on Statement 4. Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose. The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

4. **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements and exclude items identified as

---

[2] Takeoff Technologies Canada, Inc. ("Takeoff Canada") did not have any directors in place in mid-May and a director's resolution would be required to authorize Takeoff Canada to participate in the U.S. Bankruptcy filing. Mr. Anderson was appointed as CEO and the sole director of Takeoff Canada on May 22, 2024 by written consent of the sole shareholder in advance of the filing. Subsequent to the U.S. Bankruptcy filing, Mr. Anderson, as an employee of Huron, was no longer able to serve as a director of any of the Debtors during the pendency of the Debtors' Chapter 11 cases, and Mr. Anderson promptly resigned his position of CEO and director of Takeoff Canada on June 14, 2024.

"unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

5.    **Accounts Payable and Distribution System.**    The Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses (the "Cash Management System"). A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue Intercompany Transactions; (II) Confirming Administrative Expense Priority for Postpetition Intercompany Claims; and (III) Granting Related Relief* [Docket No. 8] (the "Cash Management Motion") filed on the Petition Date. The Debtors utilize a centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations. In the ordinary course of business, the Debtors maintained business relationships among each other, which result in intercompany receivables and payables (the "Intercompany Claims") arising from intercompany transactions (the "Intercompany Transactions"). Additional information regarding the Intercompany Claims and Intercompany Transactions is described in the Cash Management Motion. Unless otherwise noted, the Debtors have reported the aggregate net intercompany balances among the Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate.

6.    **Reporting Date.**    Unless otherwise noted in the specific responses, the Schedules and Statements reflect the Debtors' books and records as of the close of business on May 29, 2024, or the latest available record date before then.

7.    **Accuracy.**    The financial information disclosed herein was not prepared in accordance with international, federal or state security laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this information considering the purposes for which it was prepared.

8.    **Undetermined Amounts.**    Claim amounts that could not readily be quantified by the Debtors are scheduled as "undetermined," "unknown," or "N/A." The description of an amount as "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

9.    **Liabilities.**    The Debtors have sought to allocate liabilities between prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change. Accordingly, the Debtors reserve all their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

10. **Other Paid Claims.**  If the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

11. **Payments on Prepetition Claims Pursuant to First Day Orders.**  The Debtors have requested authority to pay certain outstanding prepetition claims pursuant to orders entered by this court after the initial hearing in these cases (collectively, the "<u>First Day Orders</u>"). The Schedules and Statements reflect the Debtors' outstanding liabilities in their amounts owed as of the Petition Date without reducing liabilities on account of any payments authorized under the First Day Orders.  If liabilities on account of prepetition wages and benefits have been satisfied in full, they are not listed on the Schedules and Statements unless otherwise noted.

12. **Current Values.**  The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the carrying value on each of the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.  Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of the Petition Date.  The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates.  All values are stated in United States currency.  The Debtors made reasonable efforts to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the prepetition and postpetition periods and amend the Schedules and Statements accordingly.

13. **Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of all of the Debtors' interests.  Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset).  Certain assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

14. **Property and Equipment.**  Owned property and equipment are recorded at cost and are shown net of depreciation.  Depreciation is recorded using the straight-line method over

the estimated useful lives of the assets, which range from three to seven years for furniture, fixtures, equipment, and software.  Leasehold improvements are amortized on the straight-line method over the expected lease term.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

15.    **Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have (including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws), whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

16.    **Litigation.**  Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to other Debtors.  The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

17.    **Credits and Adjustments.**  In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other things, (a) materials ordered and paid for may not be delivered, (b) materials delivered may be damaged or unusable, (c) the vendor provided volume rebates and cash discounts; and (d) quantity and/or shipping variances and violations may have occurred.  Certain of these credits are subject to change.  Claims of vendors and creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such vendors or creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

18.    **Executory Contracts and Unexpired Leases.**  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

19. **Claims.** Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.  While the Debtors have made their best efforts to reflect the claims of each vendor, excluding these various adjustments, while including the "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these Chapter 11 Cases may differ from the amounts set forth in the Schedules and Statements.

The Debtors intentionally have not included "non-cash" accruals (i.e., accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments) in the Schedules and Statements.

20. **First Day Orders.**  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Bankruptcy Court, the Debtors and their estates are authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits and claims for taxes and fees.

Employees with claims for paid time off that are not in excess of the statutory cap set forth in section 507(a)(4) of the Bankruptcy Code and are eligible for priority status, if any, are included on Schedule E/F (Priority).  Please see the notes on pages 11 through 13 of these Global Notes regarding Schedule E/F (Priority).

21. **Classifications and Claims Descriptions.**  Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." Likewise, listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.  The Debtors and their estates reserve the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules on any grounds, including, without limitation, amount, liability, validity, priority, or classification, or (ii) otherwise designate subsequently any claim as "disputed," "contingent," or "unliquidated."

22. **Addresses of Employees.**  Consistent with the Bankruptcy Court's *Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (C) Provide Certain Parties in Interest with Electronic Service, and (D) Redact Certain Personally Identifiable Information of Individuals; and (II) Granting Related Relief* (the "Creditor Matrix Order") [Docket No. 96], the Debtors have redacted each of their current employees' addresses.  In order to

-7-

protect the privacy of the Debtors' employees, the Debtors shall provide current employee addresses to any party in interest upon request to the Debtors (email is sufficient) or to the Court where reasonably related to the Chapter 11 Cases and in accordance with Creditor Matrix Order. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

23.    **Estimates.** The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

24.    **Currency.** All amounts shown in the Schedules and Statements are in US Dollars. Foreign currency amounts have been translated to US Dollar equivalents based on the Debtors books and records. Certain disbursements by foreign entities identified on bank statements were translated using the foreign exchange rate as of the petition date.

25.    **Debtors' Reservation of Rights.** Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including the following:

      **a.)**      Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

      **b.)**      Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

      **c.)**      The listing of a claim or agreement (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, the executory nature of the agreement under section 365 of the Bankruptcy Code, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or agreement pursuant to a schedule amendment, claim objection or

otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

**d.)**    In the ordinary course of their businesses, the Debtors leased equipment and other assets from certain third-party lessors for use in their daily operations. The Debtors have made commercially reasonable efforts to list any such leases in Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F. Except as otherwise noted herein, the property subject to any such lease is not reflected in Schedule A/B as either owned property or an asset of the Debtors, and neither is such property or assets of third parties within the control of the Debtors. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including the recharacterization thereof.

**e.)**    The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections or setoffs with respect to the same.

**f.)**    The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

**g.)**    The Debtors further reserve all their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO SCHEDULES

### Schedule A/B

1. **Schedule A/B**. The Debtors Schedules do not include current and non-current customer billable expenses asset accounts, approximating $41.9M, and are not recognized as expenses until the project has been completed.

2. **Schedule A/B-3 – Checking, savings, money market, or financial brokerage accounts**. The values provided in this section reflect the book ending cash balance of each of the Debtors' bank accounts as of the Petition Date.

3. **Schedule A/B-11 – Accounts Receivable**. The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables. Please see the note on pages 3 and 4 of these Global Notes regarding intercompany claims.

4. **Schedule A/B-15 – Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**. Investments are listed as having an undetermined value. Other than inter-debtor ownership, the Debtors do not hold any investments.

5. **A/B: Part 5, Questions 19-26 – Inventory, excluding agricultural assets.** The Debtors inventory consistent of spare parts and are listed at net book value.

6. **A/B: Part 7, Questions 39-45 – Office furniture, fixtures, equipment, etc.** The Debtors furniture, fixtures and equipment are listed at net book value.

7. **A/B: Part 8, Questions 47-53 – Machinery, equipment and vehicles.** The Debtors have machinery and related materials and are listed at net book value.

8. **Schedule A/B-60-65 – Intangibles and Intellectual Property**. Schedule A/B 60-65 identifies various trademarks, patents, customer lists, and website domains owned and maintained by the Debtors. The Schedules may not list the value of such intangible assets, or list as having an undetermined value, as no recent appraisals have been performed.

9. **Schedule A/B-72 – Tax refunds and unused net operating losses (NOLs)**. The Debtors have listed their unused NOLs as having an undetermined value. The Debtors estimate that the unused Federal NOL is approximately $181 million. These NOL carryforward amounts were last measured as of March 31, 2023. Furthermore, these annual NOL amounts have not been adjusted by the Debtors' effective tax rate, nor do they not reflect

any reductions for the cancellation of debt, or IRS limitations, and thus are not meant to be used as an estimate of tax attributes that would survive these Chapter 11 Cases.

## Schedule D

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.  Notwithstanding anything contained in the Schedules and Statements regarding the amount, value, or extent of any purported secured claim, the terms of the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing; (B) Granting Liens and Superpriority Administrative Expense Claims; (C) Modifying the Automatic Stay, and (D) Granting Related Relief* [Docket No. 224] shall govern.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

## Schedule E/F

**Part 1.**

Certain of the claims listed on Schedule E/F (Part 1) arose and were incurred on multiple dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all of these multiple dates are included for each such claim.

The liabilities listed on Schedule E/F (Part 1) do not reflect any analysis of such claims under sections 503 or 507 of the Bankruptcy Code.  The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority status pursuant to sections 503 or 507 of the Bankruptcy Code.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F.  Certain of such claims, however, may be subject to ongoing audits or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F.

**Part 2**.

The Debtors have exercised their commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor.  As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of

-11-

the unsecured debts of the Debtors.  Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts.  The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff or recoupment rights that may be asserted against the Debtors by a creditor.  Additionally, certain creditors may assert liens against the Debtors for amounts listed on Schedule E/F.  The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have included trade creditors and taxing authorities on Schedule E/F, some of whose claims may have been satisfied, in whole or in part, pursuant to the First Day Orders. Notwithstanding the foregoing, the Debtors have reflected the prepetition liabilities of such trade creditors and taxing authorities as of the Petition Date.  Moreover, Schedule E/F does not include certain balances including deferred liabilities (approximately $40.3M in deferred revenue), accruals, or general reserves.  The accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date.  The Debtors have made reasonable efforts to include as contingent, unliquidated, or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Intercompany payables among the Debtors are reported on Schedule E/F, which may or may not result in allowed or enforceable claims by or against a given Debtor.  The intercompany payables also may be subject to recoupment, netting, or other adjustments made pursuant to customary intercompany policies and practices not reflected in the Schedules.

To the extent practicable, Schedule E/F is intended to reflect the balance as of the Petition Date. Despite the Debtors' reasonable best efforts, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F.  Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to these and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim.  Additionally, Schedule E/F does not include any potential rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected.

As of the time of filing the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Debtors reserve their rights to amend Schedules D and E/F if and as they receive such invoices.

The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F, Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

The Debtors have marked certain claims relating to employee prepetition retention bonuses as contingent as such claims may decrease as the Debtors continue to pay the bonuses in the ordinary course of business to those employees who remain with the company.  The Debtors are paying such obligations pursuant to the *Final Order(I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* [Docket No. 108].

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

The Debtors have listed their known creditors in Schedule E/F.  To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' Chapter 11 Cases and are not separately listed in Item 4.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these Chapter 11 Cases.  Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these Chapter 11 Cases.

Pursuant to the *Final Order (I) Authorizing the Payment of Certain Taxes and Fees, (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 107] (the "Final Taxes Order"), the Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition.  Accordingly, unsecured priority tax claims may have been paid or may be paid pursuant to the Final Taxes Order.  Therefore, the Debtors have listed certain taxing authorities with an undetermined amount.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may ultimately be paid in connection with the cure costs associated with assumption or assumption and assignment of an executory contract or unexpired lease.

### **Schedule G**

The business of the Debtors is complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Relationships between the Debtors and their vendors are often governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts.  The Debtors believe that disclosure of all of these purchase and work orders would be impracticable and unduly burdensome.  Likewise, in some cases, the same supplier or provider may appear multiple times in Schedule G.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors and their estates hereby reserve all of their rights, claims, and causes of action to (i) dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (iii) amend or supplement such Schedule as necessary.

### Schedule H

In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. For purposes of Schedule H, the Debtors have not identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, or other agreements, and have listed those debts as "N/A". Thus, the Debtors reserve their rights to amend Schedule H to the extent that guarantees are identified.

### SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO STATEMENTS

1. **Statements, Part 1, Questions 1 and 2.** The gross revenue and non-business revenue reported for the current fiscal year are through May 29, 2024.

2. **Statements, Part 2, Question 3**. The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from March 1, 2024, to May 29, 2024. The actual dates that cash cleared the Debtors' bank accounts may differ based on the form of payment. The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a time-consuming manual review of individual bank statements. It is expected, however, that many payments included in Statement 3 have payment clear dates that are the same as payment dates (e.g., wires and other forms of electronic payments). Payment dates from Takeoff Technologies, Australia Pty Ltd were manually reviewed from bank statement detail as all entries were recorded at the end of the month.

3. **Statements, Part 2, Question 4**. As more fully described in the Cash Management Motion, prepetition, the Debtors engaged in Intercompany Transactions with each other in the ordinary course of their business. Takeoff Technologies, Inc. provides for all operating expenses of the affiliate debtors, as each affiliate does not earn revenues from customers, and only receives intercompany cost-plus revenue from the debtor. "Cost-plus" revenue differs for each affiliate and is calculated as cost plus 20% for Takeoff International Subco India Pvt. Ltd., 15% for Takeoff Technologies Canada, Inc. and 10% for Takeoff Technologies Australia Pty Ltd.

-14-

4. **Statements, Part 3, Question 7**.  The Debtors have used reasonable efforts to report all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year before the Petition Date.  The Debtors reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

5. **Statements, Part 6, Question 11**.  The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately before the Petition Date, which are identified in the Debtors' response to Statement 11.  Additional information regarding the Debtors' retention of professional service firms is and will be more fully described in the individual retention applications for those firms and any related orders.  Amounts listed reflect the total amounts paid to these respective firms as bifurcating the specific restructuring activities would be administratively burdensome.

6. **Statements, Part 6, Question 13**.  On May 10, 2024, the Debtors transferred title to three order, storage, retrieval ("OSR") machines held in an off-site storage facility operated by the manufacturer of the machines, Knapp, Inc. ("Knapp") to Hy-Vee, Inc. ("Hy-Vee"), at Hy-Vee's request, through a bill of sale.  The bill of sale transferred title to the equipment to Hy-Vee free and clear of all liens and encumbrances, on a fully paid basis.  As consideration for delivery of the bill of sale, Hy-Vee paid the Debtors $100,000. Hy-Vee's total purchase price for the three OSR machines would have been $9.9 million of which $4.95 million, or 50%, had been paid to the Debtors as of May 10, 2024.  After estimating remaining costs to complete installation, existing and extended storage, indexation costs, and freight costs, the Debtors agreed to the transfer of the OSR machines.  Subsequently, to further effectuate the transfer of the OSR machines in storage, the Debtors assigned all open purchase orders between the Debtors and Knapp to Hy-Vee.

7. **Statements, Part 13, Question 26(d)**.  Over the past two years, the Debtors have provided their financial statements to various parties in the ordinary course of business, including shareholders, and other interested parties.  Takeoff International Subco India Private Limited has provided their financial statements to government entities in the ordinary course of business.  Professionals retained by the Debtors prior to the Petition Date also ran a comprehensive marketing and sale process and disclosed substantial financial information to KNAPP.  Parties provided with historical financial information as part of the Debtors' marketing and sale process have not been listed on Statement 26(d).  Recipients of financial information generally received consolidated accounts for the Debtors.

8. **Statements, Part 13, Question 29.**  Takeoff Technologies Canada, Inc. ("Takeoff Canada") did not have any directors in place in mid-May and a director's resolution would be required to authorize Takeoff Canada to participate in the U.S. Bankruptcy filing.  Mr. Anderson was appointed as CEO and the sole director of Takeoff Canada on May 22, 2024 by written consent of the sole shareholder in advance of the filing.  Subsequent to the U.S. Bankruptcy filing, Mr. Anderson, as an employee of Huron, was no longer able to serve as

a director of any of the Debtors during the pendency of the Debtors' Chapter 11 cases, and Mr. Anderson promptly resigned his position of CEO and director of Takeoff Canada on June 14, 2024.

**Fill in this information to identify the case:**

Debtor name    **Takeoff Technologies FZE**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **24-11109**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

   ■ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   | --- | --- | --- |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None

   | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   | --- | --- |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
   | --- | --- | --- | --- |

| Debtor | **Takeoff Technologies FZE** | Case number (*if known*) | **24-11109** |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None

| Insider's name and address | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ■ None

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

Debtor    **Takeoff Technologies FZE**                                    Case number (*if known*)   **24-11109**

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or court-appointed officer within 1 year before filing this case.

   ■ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
|  |  |  |

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
|  |  |  |  |

**Part 5:   Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Dates of loss | Value of property lost |
|---|---|---|---|
|  |  |  |  |

**Part 6:   Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ■ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
|  |  |  |  |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None

| Who received transfer? Address | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
|  |  |  |  |

Debtor    **Takeoff Technologies FZE**                                           Case number (*if known*)    **24-11109**

---

13. **Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| | | | |

---

**Part 7:    Previous Locations**

14. **Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|
| | |

---

**Part 8:    Health Care Bankruptcies**

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

---

**Part 9:    Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.

☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

---

Debtor   **Takeoff Technologies FZE**                                    Case number (*if known*)  **24-11109**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it;Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|

Debtor  **Takeoff Technologies FZE**                           Case number (*if known*)  **24-11109**

---

| Part 12: | Details About Environment Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

   ■ No.

   ☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.

   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

   ■ No.

   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**
   List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
   Include this information even if already listed in the Schedules.

   ■ None

| Business name address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|
| | | |

Debtor    **Takeoff Technologies FZE**                                        Case number (*if known*)   **24-11109**

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service From-To |
|---|---|
| | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

| Name and address | Date of service From-To |
|---|---|
| | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|
| |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No.

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| | | | |

Debtor    **Takeoff Technologies FZE**                                    Case number (*if known*)  **24-11109**

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No.

■ Yes. Identify below.

| Name | | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | Curt Vincent Avallone | Address on file | Former Director | 2/5/2017 - 3/1/2024 |
| 29.2 | Jose Vicente Aguerrevere | Address on file | Former Director and Officer | 11/30/2016 - 4/9/2024 |
| 29.3 | Juan Max Pedro | Address on file | Former Director | 11/30/2016 - 5/31/2023 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No.

■ Yes. Identify below.

| Name and address of recipient | | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | Please refer to SOFA part 2, question 4 | | | |
| | **Relationship to debtor** | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No.

■ Yes. Identify below.

| Name of the parent corporation | | Employer Identification number of the parent corporation |
|---|---|---|
| 31.1 | Takeoff Technologies, Inc. | EIN:    81-3190552 |

Debtor   **Takeoff Technologies FZE**                                  Case number (*if known*)  **24-11109**

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No.

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
| --- | --- |
| | |

| Part 14: | Signature and Declaration |
| --- | --- |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct

Executed on   **July 22, 2024**

**/s/ Brett M. Anderson**                                           **Brett M. Anderson**

Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor   **Deputy Chief Restructuring Officer**

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

■ No

☐ Yes