**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE GENERAL BAR DATE IS 5:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 21, 2024**

TO: ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS (AS LISTED BELOW)

Please take notice that on May 30, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on June 25, 2024, the Court entered an order [Docket No. 112] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code (the "Proofs of Claim").

For your convenience, except with respect to beneficial owners of the Debtors' equity securities, enclosed with this notice (this "Notice") is a Proof of Claim Form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (collectively, the "Schedules"). If the Debtors believe that you hold claims against more than one (1) Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units, and the United States Trustee.  In addition, the terms "persons," "entities," and "governmental units" are defined in sections 101(41), 101(15), and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes, as to or against the Debtors:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**General Information About the Debtors' Cases**.  The Debtors' chapter 11 cases are being jointly administered under case number 24-11106 (CTG).  On June 12, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors.  No request has been made for the appointment of a trustee or an examiner.

**Individual Debtor Information**.  The last four digits of each Debtor's federal tax identification number, as applicable, are set forth below.  The Debtors' mailing address is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

| Debtor | Case No. | EID # (Last 4 Digits) |
|---|---|---|
| Takeoff Technologies, Inc. | 24-11106 (CTG) | 0552 |
| Takeoff Technologies Canada, Inc. | 24-11107 (CTG) | N/A |
| Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958) | 24-11108 (CTG) | N/A |
| Takeoff Technologies FZE | 24-11109 (CTG) | N/A |
| Takeoff International Subco India Private Limited | 24-11110 (CTG) | N/A |
| Takeoff International Subco, LLC | 24-11111 (CTG) | N/A |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1. **THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "Bar Dates"):

      a.    *General Bar Date*. Except as expressly set forth in this Notice, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim *by 5:00 p.m., prevailing Eastern time on August 21, 2024*. Except as expressly set forth in this Notice, the General Bar Date applies to all types of claims against the Debtors that arose on or prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

      b.    *Governmental Bar Date*. All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by *November 26, 2024 at 5:00 p.m., prevailing Eastern Time*. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose on or prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

      c.    *Rejection Damages Bar Date.* Unless otherwise ordered by the Court, all entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file Proofs of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

      d.    *Amended Schedules Bar Date.* If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court).

2. **PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM**

Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim. No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code. **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the applicable Bar Date**.

Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

### A. **Claims for Which No Proof of Claim Is Required to Be Filed**

Notwithstanding the above, holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date **solely with respect to such claim**:

a. a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Court or Kroll Restructuring Administration LLC ("**Kroll**") in a form substantially similar to Official Bankruptcy Form No. 410;

b. a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the holder of such claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect to the identified Debtor;

c. an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d. an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e. a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

f. a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

g. a claim of any Debtor against another Debtor;

h. any fees payable to the United States Trustee under 28 U.S.C. § 1930;

i. a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date.

j. the claims of any lenders and/or agents arising under the Debtors' debtor-in-possession financing facility pursuant to the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing (B) Granting Liens and Superpriority Administrative Expense Claims; (C) Modifying the Automatic Stay,(D) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(C); and (E) Granting Related Relief* [Docket No. 55] (together with any subsequent interim or final order approving postpetition financing, the "DIP Order");

k. a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

l. any officer or director who held such position as of the Petition Date who has a claim for indemnification, contribution, or reimbursement.

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to Section 2.A above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by Section 2.A above.**  As set forth above, creditors are not required to file a Proof of Claim with respect to any amounts paid by the Debtors.

B. **No Bar Date for Proof of Interest**

Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; *provided, however*, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest.  If such a bar date is established, Interest Holders will be notified in writing of the bar date for filing of proofs of interest at the appropriate time.

3. **WHEN AND WHERE TO FILE**

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Kroll, the Debtors' claims and notice agent, by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

| If by first class mail: | If by hand delivery, or overnight courier: |
|---|---|
| Takeoff Technologies, Inc. Claims Processing Center c/o Kroll Restructuring Administration LLC Grand Central Station, PO Box 4850 New York, NY 10163 | Taekoff Technologies, Inc. Claims Processing Center c/o Kroll Restructuring Administration LLC 850 3rd Avenue, Suite 412 Brooklyn, NY 11232 |

Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Kroll's website, https://case.ra.kroll.com/takeoff.

Proofs of Claim will be deemed timely filed only if **actually received** by Kroll on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to Kroll by overnight mail, courier service, hand delivery, regular mail, in person, or through Kroll's website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (a) a copy of the Proof of Claim and (b) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Kroll).

## 4. CONTENTS OF PROOF OF CLAIM FORM

With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

    a.    Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion) or, if the amount of the alleged claim is contingent or unliquidated, indicate same; (iii) set forth the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is ink.

    b.    Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth: (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

        c.      Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

        d.      Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (24-11106 (CTG)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Takeoff Technologies, Inc.

        e.      Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Takeoff Technologies, Inc.

        f.      Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

        g.      Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by Kroll on or before the applicable Bar Date as follows: (1) electronically through the interface available at https://case.ra.kroll.com/takeoff or, (2) if submitted through non-electronic means, (A) by first-class mail to the Claims Agent at Takeoff Technologies, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, P.O. Box 4850, New York, NY 10163, or (B) by overnight courier or hand delivery to the Claims Agent at Takeoff Technologies, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

        h.      Proofs of Claim sent by facsimile or electronic mail will not be accepted.

        i.      Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

## 5. CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE

Any Claimant that is required to file a Proof of Claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such claim for purposes of voting and distribution.

6. **CONTINGENT CLAIMS**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a claim or potential claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

7. **THE DEBTORS' SCHEDULES**

You may be listed as the holder of a claim against the Debtors in the Schedules. The Schedules are available free of charge on Kroll's website at https://case.ra.kroll.com/takeoff. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (a) you agree with the nature, amount, and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these chapter 11 cases with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

8. **RESERVATION OF RIGHTS**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, or the rights of any other party in interest, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained in this Notice or the Bar Date Order is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

9. **ADDITIONAL INFORMATION**

The Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on Kroll's website at https://case.ra.kroll.com/takeoff. If you have questions concerning the filing or processing of claims, you may contact Kroll by telephone at (833) 533-7749 (U.S./Canada) or +1 (646) 747-4268 (International), or by email at TakeoffInfo@ra.Kroll.com.

[*Remainder of Page Intentionally Left Blank*]

- 9 -

Dated: July 23, 2024
Wilmington, Delaware

/s/ Kristin L. McElroy

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| Joseph M. Mulvihill (Del. Bar No. 6061) | Justin R. Bernbrock (admitted *pro hac vice*) |
| Shella Borovinskaya (Del. Bar No. 6758) | Robert B. McLellarn (admitted *pro hac vice*) |
| Kristin L. McElroy (Del. Bar No. 6871) | 321 North Clark Street, 32nd Floor |
| Rodney Square | Chicago, Illinois 60654 |
| 1000 North King Street | Telephone: (312) 499-6300 |
| Wilmington, DE 19801 | Facsimile: (312) 499-6301 |
| Telephone: (302) 571-6600 | Email: jbernbrock@sheppardmullin.com |
| Facsimile: (302) 571-1253 | rmclellarn@sheppardmullin.com |
| Email: jmulvihill@ycst.com | |
| sborovinskaya@ycst.com | -and- |
| kmcelroy@ycst.com | |
| | Alexandria G. Lattner (admitted *pro hac vice*) |
| *Co-Counsel for the Debtors and Debtors in Possession* | 650 Town Center Drive, 10th Floor |
| | Costa Mesa, California 92626 |
| | Telephone: (714) 513-5100 |
| | Facsimile: (714) 513-5130 |
| | Email: alattner@sheppardmullin.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |