**<u>EXHIBIT A</u>**

**Revised Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | Case No. 24-11106 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 417** |

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND
PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS;
(IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE,
TIME, AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR
FILING OBJECTIONS THERETO; (VI) ESTABLISHING BAR DATE FOR FILING
REQUESTS FOR ALLOWANCE OF INITIAL ADMINISTRATIVE CLAIMS; AND
(VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors in possession in the
above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order"):
(i) approving the Combined Disclosure Statement and Plan, on an interim basis and for solicitation
purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or
reject the Combined Disclosure Statement and Plan; (iii) approving the form of ballot and
solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for
the Confirmation Hearing and the deadline for filing objections related thereto; and (vi) granting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification
numbers, as applicable, are:  Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff
Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco
India Private Limited; and Takeoff International Subco, LLC.  The location of the Debtors' principal place of
business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham,
Massachusetts 02453.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion
or the Combined Disclosure Statement and Plan, as applicable.

related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice is required; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.      The form of ballot attached hereto as **<u>Exhibit 1</u>** (the "<u>Ballot</u>"): (i) is consistent with Official Form No. 14; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for the Voting Class; and (iv) complies with Bankruptcy Rule 3017(d).

B.      The Ballot need not be provided to Holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with Bankruptcy Code section 1126(f), or (ii) impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and, thus, are conclusively deemed to have rejected the Combined Disclosure Statement and Plan under Bankruptcy Code section 1126(g):

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 2 | Secured Claims | Unimpaired | Deemed to Accept |
| 4 | Intercompany Claims | Impaired | Deemed to Reject |
| 5 | Interests | Impaired | Deemed to Reject |

C.      The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with Bankruptcy Code section 1126.

D.      The Tabulation Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with Bankruptcy Code section 1126.

E.      The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Motion is granted as set forth herein.

**<u>Approval of the Confirmation Timeline</u>**

2.      The following dates and deadlines, are hereby approved:

| Event | Proposed Dates |
|---|---|
| Voting Record Date | October 29, 2024 |
| Service Date (as defined below) | No later than five days after the entry of the Proposed Solicitation Procedures Order (or as soon as reasonably practicable thereafter) |
| Deadline to File Plan Supplement | December 3, 2024 |
| Deadline to Object to Final Disclosures and Confirmation of the Combined Disclosure Statement and Plan | December 10, 2024 at 4:00 p.m. (ET) |
| Voting Deadline | December 10, 2024 at 4:00 p.m. (ET) |
| Initial Administrative Claim Bar Date | December 10, 2024 at 4:00 p.m. (ET) |

| Event | Proposed Dates |
|---|---|
| Deadline to File Voting Declaration, Proposed Confirmation Order, and Memorandum of Law in Support of Confirmation | December 17, 2024 |
| Proposed Confirmation Hearing Date | December 19, 2024 at 10:00 a.m. (ET) |

**Conditional Approval of Combined Disclosure Statement and Plan**

3.      The Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under Bankruptcy Code sections 105 and 1125 and Bankruptcy Rule 3017.

4.      The form of Ballot, substantially in the form attached hereto as **Exhibit 1**, is approved.

5.      To be counted as votes to accept or reject the Combined Disclosure Statement and Plan, a Ballot must be properly executed, completed, and delivered, by mail, overnight courier, personal delivery, or by submitting a properly completed E-Ballot to the Voting Agent in accordance with the instructions on the Ballot or E-Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024** (the "Voting Deadline").

6.      The following procedures shall be used in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "Tabulation Rules and Procedures"):

**Amounts for Voting Purposes**

Solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and not for the purpose of the allowance of, or distribution on account of, any Claim and without prejudice to the Debtors' rights in any other context, each Claim within a Class of Claims is entitled to vote to accept or reject the Combined Disclosure Statement and Plan in an amount determined by the following procedures:

## <u>Classes 3 (General Unsecured Claims)</u>

(a)     If a Claim is deemed allowed under the Combined Disclosure Statement and Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein:

(b)     if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(c)     if a Claim for which a proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

(d)     if a Claim for which a proof of claim was timely filed and is liquidated and non-contingent or was listed in the Debtor's schedules of assets and liabilities (the "<u>Schedules</u>") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtor's filed Schedules;

(e)     if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00.

(g)     proofs of claim filed for $0.00 are not entitled to vote;

(h)     if the Debtor or other party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i) for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan for the Debtor;

(j) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Classes shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims; and

(k) if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

**<u>Voting Rules</u>**

(a) Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c) any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date will not be counted;

(d) any Ballot submitted on account of a duplicative Claim will not be counted;

(e) any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed to contain an immediately legally valid and effective signature;

(f) except in the Debtors' discretion, any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted;

(g) any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(h)    whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest- timely-received valid Ballot will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(i)    subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(j)    claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted; and

(k)    subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

7.    The Debtors or Voting Agent, as applicable, upon consultation with the Committee, without further order of this Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding absent a contrary ruling by the Court.

8.    The Debtors or Voting Agent are authorized to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

9.    The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials, including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise

directed by the Debtors, the Post-Effective Date Debtors, the Plan Administrator, or the Clerk of the Court in writing within such one (1) year period.

10.     The Confirmation Hearing is hereby scheduled for **December 19, 2024 at 10:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice or hearing agenda on the docket of these Chapter 11 Cases.

11.     Objections to approval and confirmation of the Combined Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): "): (a) counsel to the Debtors, (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, IL 60654 (Attn: Justin R. Bernbrock (jbernbrock@sheppardmullin.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, (Attn: Joseph M. Mulvihill, Esq. (jmulvihill@ycst.com)); (b) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE, 19801, (Attn: Jonathan Lipshie (Jonathan.Lipshie@usdoj.gov)); (c) counsel to the DIP Lenders, (i) Jones Day, 555 South Flower Street, 50th Floor, Los Angeles, CA 90071, (Attn: Joshua M. Mester (jmester@jonesday.com) and Kathryn Sutherland-Smith (ksutherlandsmith@jonesday.com)), (ii) Epstein Becker & Green, P.C., 875 Third Avenue, New York, NY 10022 (Attn: Wendy G. Marcari (wmarcari@ebglaw.com)), and (iii) Ballard Spahr LLP, 919 N. Market Street, 11th Floor, Wilmington, DE 19801, (Attn: Tobey M. Daluz (daluzt@ballardspahr.com) and Nicholas J. Brannick (brannickn@ballardspahr.com)); and

(d) counsel to the Committee, (i) Eversheds Sutherland (US) LLP, 999 Peachtree St. NE, Atlanta, GA 30309 (Attn:  Todd C. Meyers (ToddMeyers@eversheds-sutherland.com)), and (ii) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19899 (Attn:  Ricardo Palacio (RPalacio@ashbygeddes.com)), by no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024.**

12.     The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any objections or brief in support of approval of the Combined Disclosure Statement and Plan by no later than on **December 17, 2024**.

13.     The Confirmation Notice, in substantially the form attached hereto as **<u>Exhibit 2</u>**, is approved.

14.     Pursuant to Bankruptcy Rule 3017(d), October 29, 2024 shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Combined Disclosure Statement and Plan (the "<u>Voting Record Date</u>").

15.     With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

16.     No later than five (5) days after the entry of this Order, or as soon as reasonably practicable thereafter (the "<u>Service Date</u>"), in accordance with the terms of this Order, the Voting Agent shall transmit, via first class mail, the Solicitation Packages to the Voting Class containing

copies of: (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the fully-compiled Combined Disclosure Statement and Plan; (c) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Proposed Solicitation Procedures Order without exhibits; (d) the form of ballot attached to hereto as **Exhibit 1**; and (e) a pre-paid, pre-addressed return envelope. Additionally, the Debtors shall provide complete Solicitation Materials (excluding the Ballot) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

17.     On or prior to the Service Date, the Voting Agent shall serve, via first class mail, the Combined Disclosure Statement and Plan and Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; (h) all counterparties to executory contracts and leases; (i) all parties listed on the Debtors' creditor matrix; and (j) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

18.     The Debtors and Voting Agent are authorized to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors and provided by the Debtors to the Voting Agent. Neither the Debtors nor the Voting Agent are required to conduct any additional research for updated addresses based on undeliverable solicitation materials (including

32318596.3

51801737.2

undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

19.     Notwithstanding anything herein or in the Motion to the contrary, neither the Debtors nor the Voting Agent are required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

## Initial Administrative Claim Bar Date

20.     Holders of Initial Administrative Claims are required to file a request for allowance (each, an "Administrative Claim Form") of such Initial Administrative Claims by 4:00 p.m. (prevailing Eastern time) on the date that is twenty eight (28) days after the Service Date; *provided*, that the Confirmation Notice shall indicate the exact calendar date of the deadline established by the Court (the "Initial Administrative Claim Bar Date").

21.     The Administrative Claim Form, substantially in the form attached to the Motion as Exhibit B, is approved.

22.     Notwithstanding the foregoing, the following need ***not*** file an Administrative Claim Form:

(a)     any entity that does not have an Initial Administrative Claim against any of the Debtors;

(b)     any entity holding an Administrative Claim arising after the date of entry of this Order;[3]

---

[3]     The deadline for filing a request for allowance of an administrative claim arising after the date of the entry of this Order shall be set forth in the Effective Date Notice.

(c)   any person or entity that already has filed a request for allowance of an Initial Administrative Claim with the Clerk of this Court or Kroll;

(d)   any entity whose Claim has previously been Allowed by order of this Court;

(e)   any entity whose Claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of this Court;

(f)   any entity holding a Claim for which a separate deadline to file a Proof of Claim has been fixed previously by this Court;

(g)   any Holder of a Claim payable to this Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

(h)   any entity holding a Professional Fee Claim;

(i)   any member of the Committee for reimbursement of expenses incurred in connection with the member's service on the Committee; and

(j)   any Debtor having a Claim against another Debtor.

23.   Pursuant to Bankruptcy Rule 2002, the manner of providing notice of the Initial Administrative Clam Bar Date proposed in the Motion is approved in all respects. The manner of notice of the Initial Administrative Claim Bar Date approved herein is deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules and shall be deemed good and sufficient notice of the Bar Dates to known creditors pursuant to Bankruptcy Rule 2002(a)(7).

24.   On or prior to the Service Date, the Debtors shall post the Administrative Claim Form, and the Confirmation Notice on Kroll's website (https://cases.ra.kroll.com/takeoff).

25.   Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file an Administrative Claim Form for an Initial Administrative Claim, but that fails to do so by the Initial Administrative Claim Bar Date in the form and manner provided for in this Order shall not be treated as a creditor with respect to such Claim for purposes of voting on any chapter 11 plan filed in these cases, participating in any distributions under the Combined Disclosure Statement

and Plan (or any other chapter 11 plan confirmed in these cases) on account of such Claim, or receiving further notices regarding such Claim.

26.    The Debtors may extend the Initial Administrative Claim Bar Date by stipulation or otherwise, without further order of this Court, where the Debtors determine that to do so is in the best interests of their estates.

27.    The following procedures shall apply for filing Administrative Claim Forms for Initial Administrative Claims:

> (a) Administrative Claim Forms may be obtained free of charge at https://cases.ra.kroll.com/takeoff/EPOC-Index or upon request to the Voting Agent by (i) telephone at (833) 533-7749 (U.S./Canada, toll-free) or +1 (646) 747-4268 (international, toll) or (ii) email TakeoffInfo@ra.kroll.com (with "Takeoff Technologies Claims" in the subject line).

> (b) Each request for allowance of an Initial Administrative Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Administrative Claim Form provided by the Debtors; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

> (c) Each Administrative Claim Form must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Administrative Claim Form, as applicable, such Claim may be treated as if filed only against the first-listed Debtor.  An Administrative Claim filed under the joint administration case number (No. 24-11106), or otherwise without identifying a specific Debtor, will be deemed as filed only against Takeoff Technologies, Inc.

> (d) Administrative Claim Forms must be filed either (1) electronically via the interface provided on Krolls's website at https://cases.ra.kroll.com/takeoff/EPOC-Index (the "Electronic Filing System") or (2) by delivering the original Administrative Claim Form by hand, or sending the original Administrative Claim Form by overnight courier or first class mail, on or before the Initial Administrative Claim Bar Date to:

> **Takeoff Technologies, Inc. Claims Processing Center**
> **c/o Kroll Restructuring Administration LLC**
> **850 3rd Avenue, Suite 412**
> **Brooklyn, NY 11232**

(e) Administrative Claim Form will be deemed timely filed only if it is **actually received** by Kroll on or before the Initial Administrative Claim Bar Date (1) at the address listed above or (2) electronically through the Electronic Filing System. Administrative Claim Form sent by facsimile, telecopy, or electronic mail transmission (other than those filed electronically through the Electronic Filing System) **will not** be accepted.

28.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**EXHIBIT 1**

**Form Class 3 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**CLASS 3 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF TAKEOFF TECHNOLOGIES, INC. AND ITS DEBTOR AFFILIATES**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE OF DECEMBER 10, 2024, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (this "Ballot") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "Debtors") to solicit your vote to accept or reject the *Combined Disclosure Statement and Joint Chapter 11 Plan of Takeoff Technologies, Inc. and Its Debtor Affiliates* [Docket No. 416] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Disclosure Statement and Plan").[2] Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the dedicated webpage of Kroll Restructuring Administration LLC (the "Voting Agent") at https://cases.ra.kroll.com/takeoff/ or upon request to the Voting Agent by (i) telephone at (833) 533-7749 (U.S./Canada, toll-free) or +1 (646) 747-4268 (international, toll), or (ii) email at TakeoffInfo@ra.kroll.com (with "Takeoff Technologies Solicitation" in the subject line).[3]

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are: Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

[2]  All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3]  Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required and can be obtained at https://pacer.uscourts.gov).

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1. For your vote to count, you must:

    a. Submit your Ballot by **_one_** of the following methods:

       i. Completing, executing, and submitting this paper Ballot ("Paper Ballot") in the return envelope provided or otherwise by regular mail, overnight courier, or hand delivery to the following address:

**If by first class mail, hand delivery or overnight mail, to**:
Takeoff Technologies, Inc., et al. Balloting Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

       To arrange for hand delivery of your Paper Ballot, please send an email to TakeoffBallots@ra.kroll.com (with "Takeoff Technologies Ballot Submission" in the subject line) at least 24 hours before your arrival at the address above and provide the expected date and time of your delivery.

       **or**

       ii. Submitting an electronic Ballot (an "E-Ballot") through the Voting Agent's dedicated, E-Ballot portal (the "E-Balloting Portal"). To submit your E-Ballot through the E-Balloting Portal, access the Debtors' restructuring website at https://cases.ra.kroll.com/takeoff, click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

       - IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

            Unique E-Ballot ID#:_____

       - Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

       - The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

       **If you are casting your E-Ballot using the E-Balloting Portal you should NOT also submit a Paper Ballot.**

    b. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

    c. Review and sign the acknowledgements in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    d. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is _received_ by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, December 10, 2024, at 4:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2.  Review the opt-in election disclosure in Item 3 to determine whether to opt in to the release provisions contained in Section 14.1(c) of the Combined Disclosure Statement and Plan by checking the box in Item 3. Electing to opt in to such release provisions by checking the box in Item 3 will result in you being a Releasing Party, as defined below.

3.  You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Combined Disclosure Statement and Plan likewise will not be counted.

4.  The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

5.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

6.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.  PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL TO TAKEOFFINFO@RA.KROLL.COM (WITH "TAKEOFF SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT (833) 533-7749 (U.S./CANADA, TOLL-FREE) OR +1 (646) 747-4268 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE COMBINED DISCLOSURE STATEMENT AND PLAN

8.  PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

**As of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors, the Chapter 11 Cases, the historical relationship between the Debtors and the DIP Lenders, the Sale, any other matters addressed in the Global Settlement, and the formulation, preparation, dissemination, negotiation, or filing of the Interim and Final DIP Orders, the Sale, the Global Settlement, the Disclosure Statement, the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Interim and Final DIP Orders, the Sale, the Global Settlement, the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations, (ii) obligations**

in any document, instrument, or agreement (including those set forth in the Sale Order) executed to implement the Plan, or (iii) actual fraud, gross negligence or willful misconduct as determined by a Final Order. For the avoidance of doubt, except as set forth in the Global Settlement, the DIP Lenders are not releasing their DIP Loan Claims, their Deficiency DIP Loan Claims, or any amount asserted as pre-petition general unsecured claim in any Filed proof of Claim by such DIP Lender.    As defined in the Combined Disclosure Statement and Plan:

"**Released Parties**" shall mean, (a) solely in their capacities as such, the Debtors and the Estates, (b) solely in their capacities as such, the Committee and its members, (c) Woolworths Group Limited, (d) Albertsons Companies, Inc., (e) Village Super Market, Inc., (f) ShopRite of Hunterdon County, Inc., and (g) Inserra Supermarkets, Inc., and (h) with respect to each of the foregoing, solely in their capacities as such, their Related Parties, provided, however, that the Released Parties shall not include the Prepetition Directors and Officers.

"**Releasing Parties**" shall mean: (a) in their capacities as such, the Committee and its members, (b) in their capacities as such, all Holders of General Unsecured Claims who submit a Ballot selecting the Release Opt-In Election, (c) Woolworths Group Limited, (d) Albertsons Companies, Inc., (e) Village Super Market, Inc., (f) ShopRite of Hunterdon County, Inc., (g) Inserra Supermarkets, Inc., and (h) with respect to each of the foregoing, in their capacities as such, their Related Parties.

"**Release Opt-In Election**" means shall mean the timely election to "opt in" to being a Releasing Party by submitting a Ballot by the Voting Deadline that selects the option to grant the releases set forth in Section 14.1(c) of this Plan.

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE READ THE PRECEDING VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 4. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Voting Amount.** The undersigned certifies that, as of October 29, 2024, the undersigned was a Holder of a Class 3 General Unsecured Claim in the aggregate unpaid principal amount set forth below:[4]

Voting Amount: _____

Debtor: _____

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

| | |
|---|---|
| ☐  **Accept** the Combined Disclosure Statement and Plan | ☐  **Reject** the Combined Disclosure Statement and Plan |

---

[4]    For voting purposes only, subject to tabulation rules.

**You are consenting to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law if you check the box in Item 3 below electing to grant the releases in Section 14.1(c).**

**Item 3.  Release Opt-In Election.**

Check this box if you elect to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.  Election to consent is at your option.  **If you exercise your right to grant the releases by checking the box below, you will be a Released Party.**  If you submit your Ballot without this box checked, you will **not** be deemed to consent to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction.  **Choosing to select the Release Opt-In Election will not affect distributions under the Combined Disclosure Statement and Plan.**

☐     **The undersigned elects to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.**

**Item 4.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

_____          _____
Name of Creditor                                      Telephone Number

_____          _____
Signature                                                 Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                                   Date Completed

_____
Street Address

_____
City, State, Zip Code

32318596.3                                               5

51801737.2                                                                        Class 3 Ballot

**EXHIBIT 2**

**Confirmation Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAKEOFF TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 24-11106 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### NOTICE OF:

**(I)**   **DEADLINES FOR FILING REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS ARISING AFTER THE PETITION DATE THROUGH AND INCLUDING [●], 2024**

**(II)**   **APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; AND**

**(III)**   **THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On May 30, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

### I.    DEADLINES FOR FILING CERTAIN PROOFS OF CLAIM AGAINST THE DEBTORS

1.    On [●], 2024, the Court entered an order (the "Solicitation Procedures Order"),[2] which, among other things, established a certain date by which parties holding claims under Bankruptcy Code sections 503(b) and 507(a)(2) (each, an "Administrative Claim") for the actual and necessary costs and expenses, incurred after the Petition Date through [●], 2024, of preserving the Debtors' estates and operating the Debtors' businesses (such as amounts outstanding, if any, for goods and services provided to the Debtors during such time period by the Debtors' employees and vendors) must file a request for allowance of such Administrative Claims (each, an "Administrative Claim Form").

2.    As used in this Notice, (i) the term "person or entity" shall include, without limitation, individuals, partnerships, corporations, joint ventures, and trusts and (ii) the term "claim" means, as to or against the Debtors and in accordance with Bankruptcy Code section 101(5):  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

3.    **Initial Administrative Claim Bar Date**.  All claimants holding Administrative Claims (excluding Professional Fee Claims) against the Debtors' estates arising after the Petition Date through and including [●], 2024

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors federal tax identification numbers, as applicable, are:  Takeoff Technologies, Inc. (0552); Takeoff Technologies Canada, Inc.; Takeoff Technologies Australia Pty Ltd. (ACN 639 288 958); Takeoff Technologies FZE; Takeoff International Subco India Private Limited; and Takeoff International Subco, LLC.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 203 Crescent Street, Suite 203, Waltham, Massachusetts 02453.

[2]    Capitalized terms used herein shall have the meanings ascribed to them in the Solicitation Procedures and Bar Date Order.

(an "Initial Administrative Claim") must file an Administrative Claim Form in respect of such claim so that it is received on or before **[●], 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "Initial Administrative Claim Bar Date").

4.      **WHO MUST FILE**.  You MUST file an Administrative Claim Form to share in distributions from the Debtors' bankruptcy estates if you have an Initial Administrative Claim and it is not one of the types of claims described in Section 7 below.  **DO NOT FILE AN ADMINISTRATIVE CLAIM FORM UNLESS YOU HAVE AN INITIAL ADMINISTRATIVE CLAIM AGAINST ONE OR MORE DEBTORS.**

5.      **A CLAIMANT SHOULD CONSULT HIS OR HER ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE CLAIM FORM.    NONE OF THE DEBTORS' ATTORNEYS, KROLL RESTRUCTURING ADMINISTRATION LLC, THE DEBTORS' CLAIMS, NOTICING AND VOTING AGENT ("KROLL" OR THE "VOTING AGENT"), THE CLERK OF THE COURT, OR THE U.S. TRUSTEE CAN ADVISE A CLAIMANT WHETHER A CLAIMANT SHOULD FILE A CLAIM.**

6.      **WHO NEED NOT FILE**.  Certain parties are not required to file Administrative Claim Forms.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Administrative Claim Forms for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of such order.  The following need **not** file Proofs of Claim or Administrative Claim Forms:

   a.   any entity that does not have an Initial Administrative Claim against any of the Debtors;

   b.   any entity holding an Administrative Claim arising after [●], 2024;[3]

   c.   any person or entity that already has filed a request for allowance of an Initial Administrative Claim with the Clerk of the Court or Kroll;

   d.   any entity whose Claim has previously been allowed by order of the Court;

   e.   any entity whose Claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

   f.   any entity holding a Claim for which a separate deadline to file a Proof of Claim has been fixed previously by the Court;

   g.   any Holder of a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

   h.   any entity holding a Professional Fee Claim;

   i.   any member of the Committee for reimbursement of expenses incurred in connection with the member's service on the Committee; and

   j.   any Debtor having a Claim against another Debtor.

7.   **WHAT TO FILE.**

   a.   **Forms**.  Administrative Claim Forms may be obtained free of charge at Kroll's website (https://cases.ra.kroll.com/takeoff/EPOC-Index) or upon request to Kroll by (i) telephone at (833) 533-7749 (U.S./Canada, toll-free) or +1 (646) 747-4268 (international, toll) or (ii) email at TakeoffInfo@ra.kroll.com (with "Takeoff Technologies Claims" in the subject line).

   b.   **Contents**.  Each request for allowance of an Administrative Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Administrative Claim Form provided by the Debtors; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

   c.   **Identification of Applicable Debtor**.  Each Administrative Claim Form must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Administrative Claim Form, as applicable, such claim may be

---

[3]   Subject to Court approval, the deadline for filing a request for allowance of an administrative claim arising after [●], 2024 will be set forth in the Effective Date Notice.

treated as if filed only against the first-listed Debtor.  An Administrative Claim Form filed under the joint administration case number (No. 24-11106), or otherwise without identifying a specific Debtor, will be deemed as filed only against Takeoff Technologies, Inc.

8.    **WHEN AND WHERE TO FILE.**  Administrative Claim Forms must be filed either (1) electronically via the interface provided on Kroll's website at https://cases.ra.kroll.com/takeoff/EPOC-Index (the "Electronic Filing System") or (2) by delivering the original Administrative Claim Form by hand, or sending the original Administrative Claim Form by overnight courier, hand delivery or first class mail, on or before the Initial Administrative Claim Bar Date, to:

**If by first class mail, hand delivery or overnight mail, to:**
Takeoff Technologies, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

An Administrative Claim Form will be deemed timely filed only if it is **actually received** by Kroll on or before the Initial Administrative Claim Bar Date (1) at the address listed above or (2) electronically through the Electronic Filing System.  Administrative Claim Forms sent by facsimile, telecopy, or electronic mail transmission (other than those filed electronically through the Electronic Filing System) **will not** be accepted.

9.    **CONSEQUENCES OF FAILURE TO TIMELY FILE A CLAIM**.  ANY HOLDER OF AN INITIAL ADMINISTRATIVE CLAIM, OTHER THAN THOSE HOLDERS SET FORTH IN SECTION 6 ABOVE, THAT FAILS TO TIMELY FILE AN ADMINISTRATIVE CLAIM FORM IN THE APPROPRIATE FORM BY THE INITIAL ADMINISTRATIVE CLAIM BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THE DEBTORS' CASES, PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM, OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.

10.    **Reservation of Rights**.  The Debtors reserve all rights and defenses with respect to any Administrative Claim Form, including, among other things, the right to object to any Administrative Claim Form on any grounds.

11.    **Additional Information**.  If you require additional information regarding the filing of an Administrative Claim Form, you may contact Kroll by (i) telephone at (833) 533-7749 (U.S./Canada, toll-free) or +1 (646) 747-4268 (international, toll) or (ii) email at TakeoffInfo@ra.kroll.com (with "Takeoff Technologies Claims" in the subject line).

II.    **APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS**

12.    Pursuant to the Solicitation Procedures the Court approved the *Combined Disclosure Statement and Joint Chapter 11 Plan of Takeoff Technologies, Inc. and Its Debtor Affiliates* as may be amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan")[4] on an interim basis for solicitation purposes only.

**Copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://cases.ra.kroll.com/takeoff/, or upon request to the Voting Agent by (i) telephone at (833) 533-7749 (U.S./Canada, toll-free), or +1 (646) 747-4268 (international, toll), or (ii) email at TakeoffInfo@ra.kroll.com (with "Takeoff Technologies Solicitation" in the subject line).**

III.    **THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

13.    **Confirmation Hearing**.  A combined hearing (the "Confirmation Hearing") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of

---

[4]    Capitalized terms used but not otherwise defined in this section shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Bankruptcy Code section 1125 and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 3 Floor, Courtroom #7, 824 North Market Street, Wilmington, Delaware 19801, on **December 19, 2024 at 10:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice or hearing agenda filed with the Court on the docket in the Chapter 11 Cases.

14.   **Voting Deadline**.  Only holders of General Unsecured Claims in Class 3 are entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The deadline for the submission of such votes is December 10, 2024, at 4:00 p.m. (prevailing Eastern Time).

15.   **Parties Not Entitled to Vote**.  Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Secured Claims) will be paid in full and are deemed to accept the Combined Disclosure Statement and Plan. Holders of Claims or Interests in Class 4 (Intercompany Claims) and Class 5 (Interests) are deemed to reject the Combined Disclosure Statement and Plan and are not entitled to vote.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims, as described in the Combined Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The respective treatment of such unclassified Claims is set forth in Article VII of the Combined Disclosure Statement Plan.

16.   **Objections to Confirmation**.  Objections to confirmation of the Combined Disclosure Statement and Plan, including any objection to the adequacy of the disclosures, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[5] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024** (the "Objection Deadline").  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**(c)    Consensual Party Releases by Certain Parties.  As of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors, the Chapter 11 Cases, the historical relationship between the Debtors and the DIP Lenders, the Sale, any other matters addressed in the Global Settlement, and the formulation, preparation, dissemination, negotiation, or filing of the Interim and Final DIP Orders, the Sale, the Global Settlement, the Disclosure Statement, the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Interim and Final DIP Orders, the Sale, the Global Settlement, the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the administration and implementation of the Plan, or the**

---

[5]   The Notice Parties are:  (a) counsel to the Debtors, (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, IL 60654 (Attn:  Justin R. Bernbrock (jbernbrock@sheppardmullin.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, (Attn:  Joseph M. Mulvihill, Esq. (jmulvihill@ycst.com)); (b) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE, 19801, (Attn: Jonathan Lipshie (Jonathan.Lipshie@usdoj.gov)); (c) counsel to the DIP Lenders, (i) Jones Day, 555 South Flower Street, 50th Floor, Los Angeles, CA 90071, (Attn:  Joshua M. Mester (jmester@jonesday.com) and Kathryn Sutherland-Smith (ksutherlandsmith@jonesday.com)), (ii) Epstein Becker & Green, P.C., 875 Third Avenue, New York, NY 10022 (Attn:  Wendy G. Marcari (wmarcari@ebglaw.com)), and (iii) Ballard Spahr LLP, 919 N. Market Street, 11th Floor, Wilmington, DE 19801, (Attn:  Tobey M. Daluz (daluzt@ballardspahr.com) and Nicholas J. Brannick (brannickn@ballardspahr.com)); and (d) counsel to the Committee, (i) Eversheds Sutherland (US) LLP, 999 Peachtree St. NE, Atlanta, GA 30309 (Attn:  Todd C. Meyers (ToddMeyers@eversheds-sutherland.com)), and (ii) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19899 (Attn:  Ricardo Palacio (RPalacio@ashbygeddes.com))).

32318596.3

distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations, (ii) obligations in any document, instrument, or agreement (including those set forth in the Sale Order) executed to implement the Plan, or (iii) actual fraud, gross negligence or willful misconduct as determined by a Final Order.  For the avoidance of doubt, except as set forth in the Global Settlement, the DIP Lenders are not releasing their DIP Loan Claims, their Deficiency DIP Loan Claims, or any amount asserted as pre-petition general unsecured claim in any Filed proof of Claim by such DIP Lender.

As defined in the Combined Disclosure Statement and Plan:

"**Released Parties**" shall mean, (a) solely in their capacities as such, the Debtors and the Estates, (b) solely in their capacities as such, the Committee and its members, (c) Woolworths Group Limited, (d) Albertsons Companies, Inc., (e) Village Super Market, Inc., (f) ShopRite of Hunterdon County, Inc., and (g) Inserra Supermarkets, Inc., and (h) with respect to each of the foregoing, solely in their capacities as such, their Related Parties, provided, however, that the Released Parties shall not include the Prepetition Directors and Officers.

"**Releasing Parties**" shall mean: (a) in their capacities as such, the Committee and its members, (b) in their capacities as such, all Holders of General Unsecured Claims who submit a Ballot selecting the Release Opt-In Election, (c) Woolworths Group Limited, (d) Albertsons Companies, Inc., (e) Village Super Market, Inc., (f) ShopRite of Hunterdon County, Inc., (g) Inserra Supermarkets, Inc., and (h) with respect to each of the foregoing, in their capacities as such, their Related Parties.

"**Release Opt-In Election**" means shall mean the timely election to "opt in" to being a Releasing Party by submitting a Ballot by the Voting Deadline that selects the option to grant the releases set forth in Section 14.1(c) of this Plan.

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: [●], 2024
Wilmington, Delaware

/s/
_____

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Joseph M. Mulvihill (Del. Bar No. 6061)
Shella Borovinskaya (Del. Bar No. 6758)
Kristin L. McElroy (Del. Bar No. 6871)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:      (302) 571-6600
Facsimile:      (302) 571-1253
Email:          jmulvihill@ycst.com
                sborovinskaya@ycst.com
                kmcelroy@ycst.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Justin R. Bernbrock (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone:      (312) 499-6300
Facsimile:      (312) 499-6301
Email:          jbernbrock@sheppardmullin.com

-and-

Alexandria G. Lattner (admitted *pro hac vice*)
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Telephone:      (714) 513-5100
Facsimile:      (714) 513-5130
Email:          alattner@sheppardmullin.com

*Co-Counsel for the Debtors and*
*Debtors in Possession*

32318596.3

32318596.3